■ In the Matter of RONALD DAVIDSON, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent.—Judgment affirmed. All concur, except Doerr, J., who dissents and votes to hold the case, reserve decision and remit the matter for further proceedings, in accordance with the following memorandum.

Doerr, J. (dissenting). On the state of this record, I cannot agree that the court correctly dismissed the petition.

The Superintendent's hearing charging petitioner with misbehavior was timely commenced and concluded. The Superintendent confirmed the hearing officer's determination of guilt on September 14, 1983. It is petitioner's claim that on September 15, 1983 he mailed an appeal from this disposition to the Commissioner of Correction and the affirmance by the Departmental Review Board on November 25, 1983 was untimely.

"Any inmate shall have the right to appeal the disposition of any superintendent's hearing, to which he [is] a party, to the commissioner within 30 days of receipt of the disposition. The commissioner or his designee shall issue a decision *within 60 days* of receipt of the appeal" (7 NYCRR 254.8, emphasis added). The record contains a copy of a letter from petitioner, dated September 15, 1983, to the Commissioner appealing the Superintendent's disposition, but is silent as to when the appeal was received by the Commissioner. Respondents urge that petitioner has the burden of proving that the appeal was not decided within 60 days of its receipt. This is totally unrealistic, since only the Commissioner could know when he received petitioner's letter. Petitioner has demonstrated that 70 days passed from the date he mailed his appeal to the date the appeal was decided. I would remit the matter to Supreme Court for a hearing to establish when the Commissioner received the appeal. If the appeal was not decided within 60 days of its receipt, the charges must be expunged from petitioner's record. The failure of the Department to comply with its own regulation must result in the annulment of the Superintendent's determination *(Matter of Grosvenor v Dalsheim,* 90 AD2d 485). (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Pine, JJ.