■ In the Matter of MARTISCO BEAN & GRAIN COMPANY, INC., Appellant, v JOSEPH GERACE, as Commissioner of Agriculture and Markets of the State of New York, Respondent, and MUNSON FARMS, Intervenor-Respondent.—Casey, J.

Pursuant to Agriculture and Markets Law § 246 (3), it is unlawful for any dealer to fail to make prompt payment, without reasonable cause, for any farm products bought or contracted to be bought by such dealer. Petitioner, a dealer, orally agreed to purchase the 1983 red kidney bean crop of intervenor, Munson Farms. After the crop was delivered and petitioner made partial payment to Munson Farms, a dispute arose concerning the terms of the agreement. Munson Farms filed a claim for the balance due it with respondent, the Commissioner of Agriculture and Markets, and an administrative hearing was held at which representatives of petitioner and Munson Farms testified regarding the contractual terms and conditions in dispute. The Hearing Officer concluded that the terms of the agreement were those testified to on behalf of Munson Farms and that petitioner had not shown sufficient reason for its failure to make prompt payment for the red kidney bean crop. The Commissioner adopted the findings and conclusions of the Hearing Officer.

Petitioner raises a number of objections to the validity of the Commissioner's determination, only one of which requires extended discussion. Prior to and during the administrative hearing, petitioner requested that the Commissioner issue certain subpoenas. The requests were denied. This court has previously explained that in the context of administrative proceedings governed by Agriculture and Markets Law article 3, the Commissioner should issue subpoenas when requested to do so, leaving questions as to the need for the subpoenas and the relevance of the evidence sought for a court to decide upon proper motion (*Matter of Derle Farms v Barber,* 79 AD2d 1050, 1051; *see also, Matter of Coney Is. Dairy Prods. Corp. v Baldwin,* 243 App Div 178). The error, however, does not require that the determination be annulled, for it appears that subsequent to the closing of the hearing and prior to the issuance of the final determination, the Commissioner offered to issue the subpoenas and reopen the hearing. The record contains petitioner's written response declining the offer, alleging, *inter alia,* that the additional expense of further hearings was not justified and that the administrative process was biased. We are of the view that having rejected the Commissioner's offer to cure his error, petitioner cannot now

rely upon that error as a basis for annulling the determination.

Petitioner also claims that the final determination is insufficient as a matter of law due to the absence of certain factual findings. An examination of the Hearing Officer's findings and conclusion, adopted by the Commissioner, reveals the lack of merit in the claim. Petitioner's substantial evidence argument is similarly unavailing. The record contains conflicting evidence as to the terms and conditions of the agreement, which presented a question of credibility for the administrative fact finder to resolve (see, Matter of Di Maria v Ross, 52 NY2d 771). We have considered and found meritless petitioner's claim that it was denied due process by the manner in which the hearings were conducted. The judgment dismissing petitioner's CPLR article 78 proceeding should be affirmed.

Judgment affirmed, with costs to intervenor against petitioner. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.