■ In the Matter of COLE COLEMAN, Petitioner, v WALTER KELLY, as Superintendent of Attica Correctional Facility, Respondent.—Determination unanimously confirmed and petition dismissed. Memorandum: Petitioner, an inmate at the Attica Correctional Facility, commenced this CPLR article 78 proceeding seeking to annul a determination following a Tier III Superintendent's hearing. Petitioner alleged, inter alia, that the regulations promulgated by respondent fail to designate a range of penalties that could be imposed for Tier III violations, in violation of Correction Law § 138 (3). In an

amended petition, petitioner alleged that the determination was not supported by substantial evidence. Special Term transferred the petition to this court pursuant to CPLR 7804 (g).

On appeal, petitioner has abandoned his claim that the determination is not supported by substantial evidence, and urges this court to decide the issue of whether the regulations violate Correction Law § 138 (3). Ordinarily, in the absence of a substantial evidence question, the matter should be remitted to Special Term for a determination of the legal issues presented by the petition. However, in the interests of judicial economy, we will reach the merits of petitioner's claim (CPLR 7804 [g]; *Matter of Brown v North Syracuse Cent. School Dist.,* 55 AD2d 813, 814; *Matter of Willow Garden Apts. v Riker,* 36 AD2d 892). We have recently addressed the issue presented by this appeal and rejected petitioner's argument *(Matter of Davidson v Smith,* 115 AD2d 960, *revd on other grounds* 69 NY2d 677). In that case, we agreed with Special Term's conclusion that the regulations represent "a reasonable attempt to set forth the range of available sanctions while giving hearing officers flexibility in determining what sanctions are appropriate in a given case." Moreover, the sanctions imposed in an individual case are subject to judicial review for excessiveness *(Matter of Pell v Board of Educ.,* 34 NY2d 222). We do not find the sanctions imposed here to be excessive. (Article 78 proceeding transferred by order of Supreme Court, Wyoming County, Dadd, J.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.