■ In the Matter of SAM EDMONSON, Petitioner, v FRANK E. IRVIN, as Superintendent of WENDE CORRECTIONAL FACILITY, et al., Respondents. [616 NYS2d 278] —Determination unanimously confirmed and petition dismissed. Memorandum: Petitioner, an inmate at Wende Correctional Facility, commenced this CPLR article 78 proceeding seeking to annul a determination, following a Tier III Superintendent's rehearing, that he violated an inmate behavior rule prohibiting the possession of

weapons. Supreme Court rejected petitioner's challenge to the timeliness of the rehearing and transferred the matter to us pursuant to CPLR 7804 (g).

The court should not have transferred the matter to this Court. The petition does not assert that the determination is not supported by substantial evidence. In the interest of judicial economy, however, we address the legal issues raised by the petition (see, Matter of Coleman v Kelly, 130 AD2d 976, 977, affd 72 NY2d 850; see also, Matter of Dixon v Coughlin, 178 AD2d 984).

The record does not support the contention of petitioner that the court deprived him of the opportunity to serve either an amended petition or a reply to respondents' answer. In any event, petitioner demonstrated no prejudice (see generally, Matter of Samuels v LeFevre, 120 AD2d 894, 895).

There is no merit to the contention of petitioner that the rehearing was neither timely commenced nor timely concluded (see, 7 NYCRR 251-5.1 [a], [b]). Moreover, the conclusion date of the rehearing was extended by the Commissioner (see, 7 NYCRR 251-5.1 [b]). Petitioner's contention that the 24-hour period provided for in 7 NYCRR 254.6 (a) was violated lacks merit. That regulation prohibits a hearing from commencing until at least 24 hours after the assistant initially meets with the inmate. The record reveals that more than 24 hours elapsed between the employee assistant's initial interview with petitioner and the commencement of the rehearing.

Petitioner was not deprived of his rights to call witnesses, to submit relevant documentary evidence or to receive an impartial hearing. Contrary to petitioner's assertion, the record does not reveal that the Hearing Officer was biased or had a predisposition to find petitioner guilty of the charges in the misbehavior reports (see, Matter of Afrika v Edwards, 160 AD2d 1212; Matter of Nieves v Coughlin, 157 AD2d 943, 944).

Finally, we conclude that the determination is not arbitrary and capricious and that petitioner's due process rights were not violated. (Article 78 Proceeding Transferred by Order of Supreme Court, Erie County, Mintz, J.) Present—Balio, J. P., Fallon, Callahan, Davis and Boehm, JJ.