■ In the Matter of HASAN RAQIYB, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [624 NYS2d 87] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Spain, J.), entered July 27, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Following a tier III Superintendent's hearing, petitioner was found guilty of violating prison disciplinary rules prohibiting assault on staff, refusal to obey a direct order, violent conduct and destruction of property, all occurring on April 6, 1993 in connection with his transfer from Cayuga Correctional Facility to Auburn Correctional Facility, both of which are located in Cayuga County. Petitioner's first disciplinary hearing held May 5, 1993 was reversed on administrative appeal and a rehearing was held July 20, 1993. After his administrative appeal from the rehearing was rejected, petitioner commenced this CPLR article 78 proceeding seeking annulment of the determination of respondent Commissioner of Correctional Services (hereinafter respondent) upholding the Hearing Officer's decision. Supreme Court dismissed the petition after finding that petitioner's rehearing was timely. Petitioner appeals.

We affirm. The administrative reversal of petitioner's first disciplinary hearing directed that a rehearing commence within seven days of receipt of the notice of reversal by the Auburn facility. The record reveals that the notice was re-

ceived on July 12, 1993. On July 16, 1993, a hearing extension request was applied for and approved *(see,* 7 NYCRR 251-5.1 [a]) to July 20, 1993 as the date for commencing the hearing. Petitioner claims that the notice was actually received on July 1, 1993 and, therefore, the rehearing was untimely commenced. In support of his argument, petitioner relies on a copy of a purported facsimile transmission of the notice bearing the Auburn facility's time stamp which is annexed to his response to respondents' answer. This document was never offered or received in evidence at the rehearing nor made a part of petitioner's administrative appeal. Consequently, we may not consider it on this review of respondent's determination *(see, Matter of Levine v New York State Liq. Auth.,* 23 NY2d 863; *Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, *affd* 58 NY2d 952; *see also, Matter of Celestial Food Corp. v New York State Liq. Auth.,* 99 AD2d 25; *People ex rel. Martinez v Walters,* 99 AD2d 476, *appeal dismissed* 63 NY2d 727; *Matter of Jennings v Coughlin,* 99 AD2d 635). Further, the exception which permits receipt of incontrovertible documentary evidence outside the appeal record to sustain a judgment *(see, State of New York v Peerless Ins. Co.,* 117 AD2d 370, 374) does not apply. Here, the authenticity of the document is controverted by respondents and petitioner seeks *reversal* of the judgment *(see, supra).* We find petitioner's argument that the rehearing was untimely to be unpersuasive.

Petitioner next argues, without elaboration, that his right to call witnesses at the rehearing was infringed.* We note the absence in petitioner's brief or petition of a specific reference to the record where the Hearing Officer's ruling adversely affected this right, nor can we, based upon our review of petitioner's administrative appeal, discern any support for such a claim *(see, Matter of Bates v Coughlin,* 145 AD2d 854, *lv denied* 74 NY2d 602).

We further find no merit in petitioner's contention that the 24-hour period set forth in 7 NYCRR 254.6 (a) was violated. The record reveals that more than 24 hours elapsed between petitioner's initial interview with the employee assistant and

---

* Respondents contend that petitioner waived his right to call witnesses. To support their contention, respondents submit a hearing transcript omitted from the record before Supreme Court. The proper remedy is a motion in Supreme Court to amend or correct the record *(see,* 10 Carmody-Wait 2d, NY Prac § 70:199, at 204). Since this transcript is also outside the record and does not fall within the exception noted previously, we do not consider it.

the commencement of the rehearing *(see, Matter of Edmonson v Irvin,* 206 AD2d 951, 952, *appeal dismissed* 84 NY2d 1008).

We have considered petitioner's remaining contentions and find that they lack merit.

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.