■ In the Matter of L & T ONION, INC., Petitioner, v RICHARD McGUIRE, as Commissioner of Agriculture and Markets of the State of New York, Respondent. [641 NYS2d 179] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia*, declined to renew petitioner's farm products dealer license.

Agriculture and Markets Law § 246 (3) makes it unlawful for a dealer to fail to make prompt payment, without reasonable cause, for farm products purchased by such dealer. In June 1993, two onion growers, John Kowalik and James Bastek, filed claims with respondent to collect money allegedly owed them for onions sold to petitioner, a farm products dealer. After an administrative hearing, the Hearing Officer concluded that petitioner had not shown sufficient reason for its failure to make prompt payment and recommended that petitioner's dealer license not be renewed. Respondent's final determination agreed with the Hearing Officer's findings. Petitioner commenced this CPLR article 78 proceeding to annul respondent's determination which was transferred to this Court pursuant to CPLR 7804 (g).

The determination is supported by substantial evidence. Leon Sobiech is the sole owner and employee of petitioner. Although his version of the events differed from that of the other witnesses, we note that the resolution of credibility issues is within the province of the administrative fact finder (*see, Matter of Langhorne v Jackson*, 213 AD2d 909; *see also, Matter of Martisco Bean & Grain Co. v Gerace*, 124 AD2d 408). According to Kowalik, on December 17, 1991 he sold a quantity of onions to petitioner for $2,750. He received a check for that sum on that date but was told by Sobiech to hold it for a week because there was not enough money in the latter's bank account. After waiting the requested amount of time, Kowalik called the

bank on several occasions and was told that there were insufficient funds to cover the check. He contacted Sobiech and received a check for $565, but was again told by the bank that there were insufficient funds. Sobiech then asked Kowalik to return the second check and paid Kowalik $580 in cash. Although the second check included the words "payment in full", Kowalik testified that those words were placed on the check by Sobiech after Kowalik had endorsed it and the remainder of the amount owed was still outstanding.

Sobiech claimed that he told Kowalik to hold the first check so that he could check the quality of the onions. However, he later testified that he asked Kowalik to hold the check until he got a "return on the money". He also claimed that the onions turned out to be of poor quality and that he paid Kowalik $1,200 in cash two weeks after the sale and thought the matter was settled. Sobiech testified that he made out the second check only after Kowalik later claimed that he was still owed more money. Kowalik, however, testified that there was never a dispute regarding the quality of the onions. Although petitioner now includes a bank statement which it claims reveals that there were sufficient funds in its bank account at the applicable time periods, said evidence was never presented at the hearing. Insofar as disposition of this proceeding is limited to the facts and record adduced before the agency, we may not consider such additional information on this review (*see, Matter of Raqiyb v Coughlin*, 214 AD2d 788, *lv denied* 86 NY2d 702; *Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, *affd* 58 NY2d 952).

With respect to the claim filed by Bastek, he alleged that on four dates in September 1991, he sold petitioner onions for which he never received payment. The total owed was $14,737.50. Sobiech testified that these sales never occurred. He claimed that Bastek's mother told him they were going to get money from him that Sobiech's father actually owed them. Sobiech also claimed that the sales were actually undertaken in the name of "L & T" or "L & T Produce" and were not therefore actually with petitioner. Evidence in the record, however, belies that contention. Bastek's mother worked with Bastek and testified that when she called about the amounts owed, she talked with both Sobiech and his father and the phone was answered with "L & T Produce". She also testified that Sobiech promised to pay. Bastek's testimony also clearly indicated that it was Sobiech he was dealing with in the four transactions at issue. We find no reason to disturb the Hearing Officer's conclusion that Bastek was dealing with Sobiech's

company no matter what corporate name was being used and in her finding that "the disavowal of acts and transactions undertaken in the name of 'L & T' or 'L & T Produce' is meaningless". Upon this record, we find that there was substantial evidence to support the conclusion that both Kowalik's and Bastek's claims were valid and petitioner failed, without reasonable cause, to make prompt payments to these parties.

We therefore find meritless petitioner's argument that respondent erred in refusing to renew its license. Agriculture and Markets Law § 245 (5) defines prompt payment as "payment within thirty days of the date farm products" are delivered to the dealer. As noted, it is unlawful to fail to make such payment without reasonable cause under Agriculture and Markets Law § 246 (3). Respondent has the power to decline to grant, revoke or suspend a license where the licensee has violated any provision of Agriculture and Markets Law § 246 (see, Agriculture and Markets Law § 248 [1]). Given that there is substantial evidence in the record to support the conclusion that petitioner violated Agriculture and Markets Law § 246 (3), it was within respondent's power to decline to renew petitioner's license.

In addition, Agriculture and Markets Law § 248 (3) permits respondent to grant, revoke or suspend a license where there has been "a continued course of dealing * * * of such a nature as to satisfy [respondent] of either the inability or the unwillingness of the * * * licensee to conduct his business in compliance with [statutory requirements]". There is substantial evidence in the record to support the determination that petitioner exhibited a "continued course of dealing" that revealed its failure to comply with the Agriculture and Markets Law. Thus, the decision to refuse to renew its license must be upheld (see, Matter of Congelosi v New York State Dept. of Agric. & Mkts., 169 AD2d 1008).

Petitioner's remaining arguments have been reviewed and rejected as unpersuasive.

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.