■ In the Matter of ANTHONY BOYD, Appellant, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [650 NYS2d 40] —Appeal from a judgment of the Supreme Court (Ellison, J.), entered February 1, 1996 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

While an inmate at Southport Correctional Facility in Chemung County, petitioner corresponded with a Pennsylvania woman by mail. According to a letter sent to a correctional facility official from this woman, she wanted no more contact with petitioner because his most recent correspondence requested that she smuggle razor blades and drugs into the facility for him. She included this letter, along with one other from petitioner, in her letter to the official. Petitioner was thereafter charged with violating a prison disciplinary rule prohibiting soliciting another to smuggle. Following a tier III hearing, he was found guilty as charged, which was administratively affirmed. Petitioner's CPLR article 78 challenge to this determination was dismissed. The sole argument advanced by petitioner on appeal is that the Hearing Officer violated his right to present this woman as a witness at the hearing (see, 7 NYCRR 254.5). We disagree and, accordingly, affirm Supreme Court's judgment.

Petitioner, who admitted to corresponding with this woman and authoring one of the letters returned to the facility, did not request that this woman be located prior to the hearing (although he did make several other requests which were complied with by his employee assistant) (compare, Matter of Velasco v Selsky, 211 AD2d 953). Rather, the request came during the hearing, at which time the Hearing Officer asked petitioner for the witness's telephone number which he could not provide. The Hearing Officer then contacted directory assistance in the area where the witness lived; however, there was no telephone number listed for the witness. In light of these circumstances, showing that the Hearing Officer made reasonable and substantial efforts to obtain the witness's testimony, we find that petitioner was not denied his due process and administrative rights to call witnesses (see, Matter of Gonzalez v Mann, 186 AD2d 876).

Cardona, P. J., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.