■ In the Matter of PATRICK PROCTOR, Appellant, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [651 NYS2d 652] —Crew III, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered February 16, 1996 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Following an unsuccessful escape from the facility at which he was incarcerated, petitioner was found guilty of escape, possession of escape paraphernalia, possession of contraband, damage to State property and engaging in conduct constituting a Penal Law offense. Following a tier III hearing, petitioner was found guilty of all charges, and the penalty ultimately imposed consisted of confinement to the special housing unit and loss of privileges for 10 years. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the administrative determination. Supreme Court dismissed the petition and this appeal by petitioner followed.

At his disciplinary hearing, petitioner sought to raise a justification defense, contending that he escaped from the facility because he believed that his life was in danger. To that end, petitioner attempted to elicit testimony from three nurses who allegedly were present when petitioner purportedly was threatened by a correction officer following his apprehension. The Hearing Officer ultimately denied petitioner's request, concluding that such testimony would be redundant in view of the other evidence submitted by petitioner relative to this defense. We agree. Moreover, in view of the fact that the conversation allegedly witnessed by the nurses occurred after petitioner's escape, the Hearing Officer properly concluded that such testimony would be irrelevant in any event (*cf., Matter of Barranco v Coughlin*, 222 AD2d 904). Petitioner's claim that the Hearing Officer failed to adequately investigate why certain inmates refused to testify on petitioner's behalf also is unavailing.

Petitioner's remaining contentions do not warrant extended discussion. Contrary to petitioner's assertion, the extensions granted with respect to the disciplinary hearing were both authorized and reasonable. In any event, the relevant time limitations are directory, not mandatory, and petitioner has failed to demonstrate any prejudice flowing from the delay (*see, Matter of Taylor v Coughlin*, 135 AD2d 992, 993). Nor do we perceive any violation of 7 NYCRR 254.6 (a), which provides that where, as here, the inmate is confined and requests assistance, the hearing may not commence until 24 hours after the assistant meets with the inmate. Petitioner's interpretation of this rule—that the hearing may not commence until 24 hours after such assistance has been completed—previously has been rejected by this Court (*see, Matter of Neal v Coombe*, 231 AD2d 795 [hearing did not commence until 24 hours after the petitioner's *first* meeting with employee assistant]; *Matter of Raqiyb v Coughlin*, 214 AD2d 788, 789-790, *lv denied* 86 NY2d

702 [same]). Similarly unpersuasive is petitioner's claim that he was not provided with meaningful assistance.

As to petitioner's request to view a videotape taken after his escape from the facility, to the extent that such tape was in any way relevant to petitioner's justification defense, we agree that this request properly was denied upon the ground of institutional safety. Further, petitioner's claim that the Hearing Officer was biased finds no support in the record. Although the Hearing Officer apparently presided over the hearings of the other inmates who joined in petitioner's escape, there is nothing to suggest that the Hearing Officer considered any materials outside the record (*see, Matter of Hart v Coombe*, 229 AD2d 754, 755). Finally, under the circumstances, we cannot say that the penalty imposed is so disproportionate to the offenses as to be shocking to one's sense of fairness.

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.