■ In the Matter of JOSE RODRIGUEZ, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [657 NYS2d 839] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in an October 28, 1994 misbehavior report with assaulting another inmate. The first disciplinary hearing was administratively reversed and a rehearing ordered, after which petitioner was found guilty. That determination was affirmed upon administrative review and this CPLR article 78 proceeding ensued. Petitioner challenges the determination on the grounds, *inter alia*, that he was denied the right to call and question witnesses, that the rehearing was untimely and that the determination was not supported by substantial evidence. Finding no merit to these contentions, we confirm.

Initially, we reject petitioner's claim that the hearing was not timely commenced or concluded (*see*, 7 NYCRR 251-5.1 [a], [b]; *Matter of Edmonson v Irvin*, 206 AD2d 951, 952, *appeal dismissed* 84 NY2d 1008). The record establishes that the hearing was commenced within five days of receipt by prison officials of the notice ordering the rehearing (*see generally, Matter of Raqiyb v Coughlin*, 214 AD2d 788, *lv denied* 86 NY2d 702) and was concluded pursuant to a duly authorized extension (*see*, 7 NYCRR 251-5.1 [b]).

Petitioner's claim that he was denied the right to have witness Louis Rodriguez testify on his behalf is similarly unavailing. The Hearing Officer made "reasonable and substantial efforts" to obtain Rodriguez's testimony (*Matter of Boyd v Coombe*, 233 AD2d 654; *see, Matter of S. v Coughlin*, 172 AD2d 937, 937-938, *lv denied* 78 NY2d 855). In attempting to locate Rodriguez, the Hearing Officer inquired of 76 different inmates named Louis Rodriguez at the prison; none were involved in

the incident. After petitioner provided further information, the Hearing Officer ascertained that Rodriguez had been released on parole. He then contacted Rodriguez's parole officer to arrange to have Rodriguez testify over the phone. Nevertheless, neither the parole officer nor Rodriguez called back prior to the conclusion of the hearing. Under the circumstances, we do not find that petitioner's administrative or due process rights to call this witness were violated (*see, Matter of Boyd v Coombe, supra; Matter of S. v Coughlin, supra; Matter of Law v Racette,* 120 AD2d 846, 848).

Petitioner's claim that he was denied the right to present questions for the inmate victim has not been preserved for our review. Were we to consider this claim, we would find it meritless, given the fact that the witness's testimony clearly exculpated petitioner.

Finally, the misbehavior report, coupled with the testimony of the correction officer who wrote the report and who investigated the incident, provide substantial evidence to support the determination of guilt (*see, Matter of McGrue v Selsky,* 236 AD2d 666, 667). The officer testified that the inmate victim affirmatively identified petitioner as his assailant shortly after the altercation. Although the victim testified at the hearing that petitioner was not the assailant and that he had been pressured by prison officials to make a false identification, this merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of Foster v Coughlin,* 76 NY2d 964, 966; *Matter of De Torres v Coughlin,* 135 AD2d 1068, 1070, *lv denied* 72 NY2d 801).

Petitioner's remaining arguments have been examined and found to be without merit.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.