■ In the Matter of WALTER BYAS, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [708 NYS2d 509] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review

a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Following a hearing, petitioner, a prison inmate, was found guilty of using a controlled substance in violation of prison disciplinary rules. To the extent that petitioner raises a substantial evidence issue herein, we find that the misbehavior report, the results of two urinalysis tests establishing that petitioner's urine tested positive for the presence of opiates and cannabinoids and the testimony of the correction officers who obtained the sample and performed the testing, provided sufficient evidentiary support for the determination of guilt (*see, Matter of Lopez v Goord*, 242 AD2d 816). The chain of custody evidence was sufficient and petitioner's defense to the charge, i.e., that he had taken prescription medication which caused a false-positive result, was refuted by the testing correction officer who stated that he was informed by the manufacturer of the drug-testing equipment that petitioner's medication would not cause a false-positive reading (*see, Matter of Rodriguez v Coombe*, 249 AD2d 655).

Next, we reject petitioner's assertion that the determination must be annulled because he was subjected to impermissible prehearing confinement and his hearing was not timely commenced and completed. Significantly, the misbehavior report indicates that petitioner was already confined for an unrelated matter prior to the subject offense, thus, 7 NYCRR 251-5.1 (a) is inapplicable (*see, Matter of Nelson v Selsky*, 239 AD2d 795) and, in any event, the hearing was commenced pursuant to a valid extension of time. As for the timeliness of the completion of the hearing, we note that the Hearing Officer stated that a second extension was duly granted even though petitioner correctly points out that the record does not include the referenced documentation. In any event, it is well settled that the 14-day time limit (*see,* 7 NYCRR 251-5.1 [b]) is directory, not mandatory, and petitioner has failed to demonstrate any prejudice flowing from the alleged delay (*see, Matter of Proctor v Coombe*, 234 AD2d 749).

Petitioner's remaining contentions, including his claim of Hearing Officer bias, have been examined and found to be lacking in merit.

Crew III, J. P., Peters, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.