■ In the Matter of HECTOR MATOS, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent.

[739 NYS2d 857] —Peters, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered July 26, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Following a tier III hearing on three misbehavior reports, petitioner was found guilty of violating prison disciplinary rules prohibiting violent conduct, assault on inmates, fighting, weapon possession, smuggling, refusing a direct order, assault on staff and an unhygienic act. Supreme Court rejected petitioner's claimed procedural errors and dismissed the petition in this CPLR article 78 proceeding. Petitioner appeals.

We affirm. The Hearing Officer was not required to personally ascertain the reason for a certain inmate witness's refusal to testify, having instead made sufficient inquiry into the facts surrounding the refusal through two correction officers (see, Matter of Colon v Goord, 245 AD2d 582, 584; Matter of Boyd v Selsky, 232 AD2d 929, 930). Petitioner has demonstrated no prejudice accruing to him by the absence from the misbehavior report of the signatures of certain correction officers who witnessed the incident at issue (see, Matter of Carter v Goord, 266 AD2d 623, 624; Matter of Smith v Walker, 209 AD2d 799, 800, lv denied 85 NY2d 807). The hearing was not untimely since all extensions were properly authorized (see, 7 NYCRR 251-5.1 [b]). In any event, petitioner has not alleged any prejudice flowing from the delay (see, Matter of Byas v Goord, 272 AD2d 800, 801, lv denied 95 NY2d 765; Matter of Proctor v Coombe, 234 AD2d 749, 750). Finally, the record, which contains substantial evidence to support the Hearing Officer's conclusions, does not support petitioner's claim of Hearing Officer bias or his claim that he was denied meaningful employee assistance.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.