■ In the Matter of SEAN HIGHT, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Kane, J. Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered July 24, 1989 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner appeals a determination finding him guilty of charges stemming from his assault on Correction Officer Alec Saddlemire. According to Saddlemire's misbehavior report, petitioner took a swing and struck him in the forehead during a pat frisk. Petitioner then assumed a "fighting stance", refused an order to return to his cell and was pushed back therein by Saddlemire.

On appeal, petitioner argues that he was erroneously denied

access to the use of force report and sergeant's report, documents relied on by the Hearing Officer to support a finding of guilt. Although generally such denial might constitute reversible error *(see, Matter of Freeman v Coughlin,* 138 AD2d 824), in this instance the documents were reiterations of a misbehavior report which contained substantial evidence to support the determination. There was nothing of relevance in those documents that petitioner was not aware of or did not have access to *(see, Matter of Boyd v Coughlin,* 105 AD2d 532, 534), so that any "reliance" on them by the Hearing Officer was harmlessly redundant. The documents at issue here were not necessary to support the determination *(cf., Matter of Freeman v Coughlin, supra)* and, as there was no genuine prejudice to petitioner's defense preparation, the failure to provide those documents is not grounds for granting the petition.

We also reject petitioner's argument that he was improperly excluded from the hearing during witness testimony. The record contains ample basis for denying his presence *(see, Matter of Laureano v Kuhlmann,* 75 NY2d 141, 147). Accordingly, the petition is meritless and was properly dismissed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.