■ In the Matter of STEVEN GONZALEZ, Petitioner, v LOUIS MANN, as Superintendent of Shawangunk Correctional Facility, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme

Court, entered in Ulster County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

In February 1990, petitioner, then an inmate at Sing Sing Correctional Facility in Westchester County, was involved in an incident which resulted in his being charged with assaulting two correction officers. According to the misbehavior reports, petitioner was being escorted from the facility recreation yard when he punched one correction officer in the mouth and another in the nose. Petitioner pleaded not guilty to both charges. At the ensuing hearing, petitioner's defense was that he had been "set up" and that it was he, rather than the correction officers, who had been assaulted, allegedly in retaliation for his previous complaints to outside agencies regarding conditions at the facility. At the conclusion of the hearing, petitioner was found guilty of both charges. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding followed.

Initially, we reject petitioner's claim that he received inadequate employee assistance. In order to succeed on such a claim, a petitioner must show that prejudice resulted from the alleged deficiencies in the assistance received (see, *Matter of Bryant v Mann*, 160 AD2d 1086, 1088, *lv denied* 76 NY2d 706; *Matter of Serrano v Coughlin*, 152 AD2d 790, 793), which petitioner here has failed to do. With the exception of three witnesses, one of whom could not be located and two of whom refused to testify, all witnesses requested by petitioner testified at the hearing. As to the witness who could not be located, the record indicates that both the Hearing Officer and the employee assistant made reasonable and substantial efforts to obtain that witness's testimony (see, *Matter of S. v Coughlin*, 172 AD2d 937, 937-938). Despite the failure of the Hearing Officer to determine the reasons for the refusal to testify by two inmate witnesses, their testimony clearly would have been cumulative considering that all of the inmate witnesses who did testify supported petitioner's defense and absolved him of any wrongdoing (see, *Matter of Torres v Coughlin*, 161 AD2d 1080, 1081-1082).

Equally unpersuasive is petitioner's claim that he was improperly denied his right to submit certain documentary evidence. Although the Hearing Officer refused to permit the introduction of photographs depicting the injuries sustained by petitioner and the correction officers involved in the incident, as well as the medical records of those correction officers, our review of the record satisfies us that the requested

evidence was either immaterial or redundant *(see, Matter of Hight v Coughlin,* 161 AD2d 1079, 1080; *Matter of Irby v Kelly,* 161 AD2d 860, 861; *Matter of Nieves v Coughlin,* 157 AD2d 943, 944).

Finally, we find no support in the record for petitioner's contention that the Hearing Officer was biased or that the outcome of the hearing flowed from any alleged bias *(see, Matter of Hughes v Suffolk County Dept. of Civ. Serv.,* 74 NY2d 833, 834; *Matter of McCoy v Leonardo,* 175 AD2d 358, 359; *Matter of Nieves v Coughlin, supra).* We have examined petitioner's remaining contentions and find them to be without merit.

Yesawich Jr., J. P., Crew III, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.