■ In the Matter of DAVID ELLISON, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Appellants. [594 NYS2d 403] —Casey, J. Appeal from a judgment of the Supreme Court (Cardona, J.), entered September 24, 1991 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination that petitioner's confinement in the special housing unit was to begin on June 11, 1991.

At issue on this appeal is the propriety of respondents' computation of Special Housing Unit (hereinafter SHU) time owed by an inmate, who is subject to several disciplinary dispositions imposing penalties of SHU time to run consecutively, when the first of the dispositions is administratively reversed before the penalty imposed by that disposition has been completed. Petitioner was serving an 18-month penalty, with a starting date of November 21, 1990, when the disposition imposing that penalty was reversed during the administrative appeal process. In the meantime, petitioner had been found guilty of certain infractions in May 1991 and penalties totaling 90 days of SHU time were imposed, to begin running upon the expiration of the 18-month penalty. After the administrative reversal of the disposition imposing the 18-month penalty, respondents determined that the new starting date for the 90-day penalty would be June 11, 1991, the date of the reversal. Petitioner commenced this CPLR article 78 proceeding, contending that it was irrational not to use the starting date that would have been applicable to the 90-day penalty if petitioner had not been serving time in the SHU on the prior disposition when the 90-day penalty was imposed. Supreme Court granted the petition, resulting in this appeal by respondents.

We begin by noting that petitioner has served his SHU time

and, therefore, the appeal is moot. It is clear, however, that the issue raised by the appeal possesses the factors which require that the appeal be preserved as an exception to the mootness doctrine (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715).

Respondents contend that because all SHU time served by petitioner prior to the reversal was attributable to the disposition that was reversed, petitioner was not available to begin serving the 90-day penalty until the prior disposition was reversed. Therefore, according to respondents, there is nothing irrational in the use of the date of the reversal as the starting date for the 90-day penalty. We disagree. The expungement included in the administrative reversal should serve the purpose of restoring petitioner to the status he enjoyed prior to the commencement of the disciplinary proceeding that produced the disposition being reversed (see, Matter of Inman v Coughlin, 131 AD2d 900, 901). Respondents' determination clearly did not serve this purpose, for it delayed the commencement of the 90-day penalty some three weeks beyond the date it would have been commenced had petitioner enjoyed the status he had prior to the commencement of the disciplinary proceeding that produced the 18-month penalty. As a result of this delay, the 18-month penalty had a prospective impact on petitioner's status after the reversal by keeping him in the SHU for some three weeks longer than he would have been had the 18-month penalty not been imposed. Although an inmate is not entitled to "credit" for the SHU time served pursuant to a disposition that is administratively reversed, we are of the view that in the circumstances of this case it was irrational for respondents to use the date of the reversal as the starting date for the 90-day penalty imposed while petitioner was serving a penalty that was thereafter administratively reversed and expunged. The starting date for the 90-day penalty should be the date that would have been used had petitioner not been serving another penalty when the 90-day penalty was imposed. Supreme Court's judgment should, therefore, be affirmed.

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.