■ In the Matter of PETER GRASSIA, Petitioner, v LOUIS F. MANN, as Warden of Shawangunk Correctional Facility, et al., Respondents. [636 NYS2d 452] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was an inmate at Shawangunk Correctional Facility in Ulster County when three misbehavior reports relating to confrontations between petitioner and correction officers led to a Superintendent's hearing. He was subsequently found guilty of assaulting a staff member, violent conduct, threatening, creating a disturbance, refusing a direct order, harassment, obstruction of visibility and refusing to submit to strip-frisk procedures. Ultimately he received a sentence of one year's confinement in the special housing unit and one year's loss of good time.

Petitioner seeks to annul the administrative determination by alleging that his right to call witnesses was violated. Petitioner, who is confined to a wheelchair, made a blanket request for the testimony of all of the disabled inmates in his housing unit. Nine of the requested inmates declined to do so while four such inmates did testify. Recognizing that an inmate is not entitled to call witnesses whose testimony would be irrelevant or redundant (*see, Matter of Boyd v Coughlin*, 216 AD2d 617; *Matter of Gonzales v Mann*, 186 AD2d 876), we find that since petitioner failed to show that the witnesses who declined to testify had any relevant or noncumulative testimony to offer, there is no support for his contention that his right to call witnesses was violated.

We also reject petitioner's contention that his due process rights were violated by the denial of his request for certain documents which he sought to introduce in evidence at the hearing. Among these documents were the employee accident report concerning a correction officer injured by petitioner as well as petitioner's own medical records and infirmary photographs. Because these documents were redundant, there was no requirement that they be delivered to him (*see, Matter of Gonzales v Mann, supra*, at 877-878).

Finally, we reject petitioner's contention that the Hearing Officer's determination was not based on substantial evidence. The hearing transcript reflects the introduction of three misbehavior reports filed against petitioner, together with the eyewitness testimony of the correction officers who had prepared the reports. Also admitted in evidence was a videotape showing petitioner inflicting both physical and verbal abuse on such correction officers. This quantum of proof was sufficient to constitute substantial evidence of petitioner's guilt (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 133; *Matter of Dotson v Coughlin*, 191 AD2d 912, 913, *lv denied* 82 NY2d 651).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.