■ In the Matter of IGNACIO REYNOSO, Appellant, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [645 NYS2d 904] —White, J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered April 11, 1995 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of New York State Department of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, while an inmate at Southport Correctional Facility in Chemung County, was found guilty of violating a prison disciplinary rule prohibiting lewd exposure as a result of an incident whereby he exposed himself to a female nurse while she was conducting a sick call. The finding of guilt was affirmed upon administrative appeal and petitioner then commenced this proceeding to challenge the determination. Supreme Court dismissed the petition on the merits and this appeal ensued.

We have examined the numerous allegations of errors raised by petitioner and agree with Supreme Court that they are devoid of merit. Turning first to petitioner's objections to the conduct of the hearing, we note that despite petitioner's claim that the hearing was not completed in a timely manner (see, 7 NYCRR 251-5.1 [b]), the record reveals that, prior to the deadline, petitioner did not object to an extension for the purpose of securing the testimony of his witness. In any event, petitioner failed to show that he was substantially prejudiced by the minimal delay in completing the hearing (see, Matter of Lugo v Coughlin, 182 AD2d 920). As for petitioner's claim that the Hearing Officer erroneously denied his right to call witnesses by refusing his request to call a psychiatrist as a witness, we agree that this refusal was not an abuse of discretion given petitioner's defense strategy and his failure to demonstrate that the proposed testimony was relevant (see, Matter of Grassia v Mann, 223 AD2d 811, 812).

Next, petitioner offers nothing but speculation to support his assertion that the disciplinary hearing transcript is incomplete and that the gaps in the transcript preclude significant review of this case (*see, Matter of Fama v Mann*, 196 AD2d 919, 920, *lv denied* 82 NY2d 662). Further, "the record does not disclose any evidence of bias on the Hearing Officer's part or any proof that the outcome of the hearing flowed from the alleged bias" (*Matter of Dumpson v Mann*, 225 AD2d 809, 811, *lv denied* 88 NY2d 805).

Petitioner's remaining claims are similarly meritless. On this record, we cannot conclude that respondent Superintendent of Southport Correctional Facility abused his discretionary authority pursuant to 7 NYCRR 254.9 by failing to reduce the penalty imposed against petitioner. Finally, even if we were to agree with petitioner's contention that his administrative appeal was untimely completed, we note that petitioner has failed to show that the alleged delay caused him substantial prejudice (*see, Matter of Sheppard v LeFevre*, 116 AD2d 867, 868).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.