■ In the Matter of MAURICE KRON, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [649 NYS2d 838] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

As the result of an incident in which petitioner threw an unknown liquid substance on another inmate, petitioner was charged with, and ultimately found guilty of, committing an unhygienic act in violation of a prison disciplinary rule. Petitioner challenges this determination on the grounds that the hearing was untimely, that he was denied his right to call a certain witness and that the Hearing Officer was biased. None of these claims has merit and, accordingly, we confirm the determination.

Although the hearing was not concluded within 14 days of the June 12, 1995 misbehavior report, it was adjourned on June 21, 1995 to procure pertinent witness testimony and duly extended three times thereafter due to the unavailability of said witness and the Hearing Officer. Under these circumstances, we find that the hearing was timely (see, e.g., *Matter of Bernacet v Coughlin*, 145 AD2d 802, *lv denied* 74 NY2d 603). Because the only individual that petitioner requested be called as a witness was in fact called and petitioner was given ample opportunity to question him, petitioner's claim that he was denied the right to call this witness is patently without merit. Finally, other than asserting conclusory and unsupported allegations of bias, petitioner has wholly failed to establish that the Hearing Officer was in fact biased and we discern no evidence of same upon our review of the record (see, *Matter of Reynoso v Coombe*, 229 AD2d 732).

Mercure, J. P., Crew III, White, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.