■ In the Matter of CHRISTOPHER SHAPARD, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [651 NYS2d 636] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While an inmate at Shawangunk Correctional Facility in Ulster County, petitioner was charged in an inmate misbehavior report with violating prison disciplinary rules prohibiting assault on staff, violent conduct, delaying count, causing a miscount, committing an unhygienic act and littering. The charges stem from an incident on July 19, 1995 where petitioner threw an unknown yellow liquid at Correction Officer A. Poggio. Following a tier III hearing, petitioner was found guilty of violent conduct, assault on staff and delaying count. After an unsuccessful administrative appeal, petitioner challenges the determination in this CPLR article 78 proceeding contending that a myriad of procedural infirmities warrants annulment of the determination. Finding no merit to any of petitioner's claims, we now confirm.

At the hearing, petitioner maintained that he had been the subject of harassment from correction officers since transferred to the facility and that the alleged incident at issue never happened, but was just another in a series of falsified misbehavior reports filed against him. Petitioner sought to call witnesses and produce documentary evidence to establish these allegations. His efforts to produce this evidence, and essentially hold a collateral hearing within this disciplinary hearing, however, were properly curtailed by the Hearing Officer. Indeed, none of the requested witnesses observed the alleged incident or were shown to have first-hand knowledge of it. Similarly, none of the requested documents bore directly on the incident or charges at issue. Given these facts, we find that the requested evidence was immaterial and, therefore, there was no error in

the Hearing Officer's denial of petitioner's requests (*see, Matter of Gonzalez v Mann*, 186 AD2d 876, 877-878).

To this end, we note that petitioner was permitted to recount his version of the event, i.e., that it never happened and was conjured up simply to harass him, and was given leeway to question Poggio and other witnesses about the alleged harassment against him. We also note that there is evidence in the record that petitioner's allegations of harassment were investigated and found to be baseless. Under these circumstances, additional testimony or documentary evidence on the issue of harassment would have been redundant (*see, Matter of Gonzalez v Mann, supra*). Inasmuch as petitioner's argument that he was denied effective employee assistance is based on his assistant's failure to produce these irrelevant documents, it is similarly rejected.

Likewise unavailing is the claim that the hearing was not timely commenced pursuant to 7 NYCRR 251-5.1 (a) inasmuch as the record reveals that petitioner was already in confinement on other disciplinary determinations at the time of the incident at issue; accordingly, this regulatory provision is inapplicable to the instant proceeding (*see, Matter of Harrison v Selsky*, 198 AD2d 728). Finally, petitioner has wholly failed to establish that the Hearing Officer was in fact biased and we discern no evidence of same upon our review of the record (*see, Matter of Reynoso v Coombe*, 229 AD2d 732).

Petitioner's remaining contentions, including his argument that the penalty imposed was harsh and excessive, have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.