■ In the Matter of SHAWN CHAPPELLE, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [652 NYS2d 107] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As a result of an altercation between petitioner and a correction officer, petitioner was charged with, and found guilty of, violent conduct, assault and possessing a weapon. A penalty of 36 months in the special housing unit and a commensurate loss of certain privileges was imposed. On administrative appeal, the weapons charge was dismissed and the penalty for both confinement and privileges was reduced to 24 months.

In seeking to annul the administrative determination, petitioner claims that the Hearing Officer was not impartial because he refused to call a requested inmate witness, imposed an excessive penalty and coached witnesses. The record fails to support any of these allegations. An inmate is not entitled to call witnesses whose testimony would be irrelevant or redundant (*see, Matter of Boyd v Coughlin,* 216 AD2d 617). Here, three other inmates testified that they saw the incident and that petitioner did not strike the correction officer but was instead the one who was hit. The Hearing Officer was informed that the fourth inmate witness was confined in a mental observation unit and it was unlikely that he would be able to give testimony over a phone. Although the Hearing Officer asked petitioner what this inmate's testimony would add, petitioner failed to show that this witness had any relevant or

noncumulative testimony to offer. Under these circumstances, the Hearing Officer properly concluded that the proffered testimony would be redundant (see, Matter of Grassia v Mann, 223 AD2d 811). With respect to the alleged coaching of witnesses, the transcript of the hearing fails to support this claim. In addition, given the manner of the attack on the correction officer and the serious nature of his injuries, we cannot say that the penalty imposed was harsh or excessive, nor do we find it to be evidence of any bias on the part of the Hearing Officer. We also note that the penalty was reduced in light of the dismissal of the weapons charge.

We also reject the claim that the hearing was not timely held. The extension was properly given in accordance with 7 NYCRR 251-5.1 (b). In addition, the time limitations are directory, not mandatory, and where, as here, no substantial prejudice has been demonstrated the delay does not warrant annulment (see, Matter of Lugo v Coughlin, 182 AD2d 920). In rejecting petitioner's contention that the misbehavior report was improperly authored, we note that it was written by a correction officer who witnessed the incident firsthand (7 NYCRR 251-3.1 [b]). As a final matter, the misbehavior report, combined with the testimony of the correction officer who was the subject of the attack, the testimony of the correction officers who either witnessed or were called to the scene as well as the videotape, provide substantial evidence to support the administrative determination (see, Matter of Sanchez v Selsky, 226 AD2d 794). We have considered petitioner's remaining arguments and reject them as lacking in merit.

Mercure, J. P., Crew III, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.