■ In the Matter of MIGUEL ROSA, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, Respondent. [656 NYS2d 523] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Pursuant to two misbehavior reports, petitioner, a prison inmate, was found guilty of violating prison disciplinary rules which prohibit smuggling, violating facility correspondence procedures, stealing or misusing State property, unlawful possession of an I.D. card and unauthorized alteration of State property. The first misbehavior report was issued after prison officials recovered an I.D. card bearing petitioner's photograph and the words "To: Linda Don't Leave Home Without It Smile" in an envelope with petitioner's return address which had been mailed out of the facility and returned by the U. S. Post Office because the stamp used on the envelope had previously been canceled. The second misbehavior report was based on a search of petitioner's cube during which two I.D. card covers and identification-type photographs of petitioner were found. After the determination was affirmed upon administrative appeal, petitioner commenced this CPLR article 78 proceeding. Finding the claims advanced in this proceeding to be without merit, we confirm.

Contrary to petitioner's contention, a review of the record reveals that the administrative determination was supported by substantial evidence. The undisputed fact that petitioner

had access to the facility's I.D. office and equipment, combined with the misbehavior reports and the testimony of the correction officers who authored the reports, investigated the matters and discovered three unauthorized I.D. cards and photographs of petitioner, provide an ample basis for a finding of guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964).

We similarly reject petitioner's claim that he was denied a fair and impartial hearing because of the Hearing Officer's involvement in the incident which formed the basis for the first misbehavior report. Assuming, without deciding, that the Hearing Officer's involvement was more than tangential (*cf., Matter of Cowart v Coughlin*, 193 AD2d 887, 887-888; *Matter of Blackshear v Coughlin*, 185 AD2d 493, 493-494; *Matter of O'Neal v Coughlin*, 162 AD2d 826, 827), we nonetheless find no basis to annul the determination since petitioner has not demonstrated that the outcome of the hearing flowed from the alleged bias (*see, Matter of Parker v Coughlin*, 211 AD2d 929; *Matter of Nieves v Coughlin*, 157 AD2d 943, 944). We have examined petitioner's remaining contentions, including his claim that he was denied access to an investigation report, and find them to be lacking in merit.

Cardona, P. J., Casey, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.