■ In the Matter of M. M. Farrakhan, Petitioner, v Donald Selsky, as Deputy Coordinator of the Special Housing Unit, et al., Respondents. [657 NYS2d 1018] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Superintendent of Elmira Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule that prohibits lewd exposure. He challenges the determination of his guilt on the ground that, *inter alia*, it was not based upon substantial evidence. We disagree. We find that the detailed misbehavior report, as well as the testimony of two correction officers who were eyewitnesses to the conduct in question, constitute substantial evidence of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966; *Matter of Aguilera v Stinson*, 233 AD2d 628).

Due to his failure to assert the issue of Hearing Officer bias at the disciplinary hearing, petitioner has waived the right to raise said issue in the context of this proceeding (*see, Matter of Blackshear v Coughlin*, 185 AD2d 493). Nonetheless, if we were to review petitioner's allegation of bias, we would reject it as there is nothing in the record to indicate that the disciplinary hearing was conducted in other than a fair and equitable manner (*see, Matter of Reynoso v Coombe*, 229 AD2d 732, 733, *lv denied* 89 NY2d 801). We have examined petitioner's remaining contentions and find them to be either without merit or unpreserved for our review.

Mikoll, J. P., Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.