■ In the Matter of IAN DAWES, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, New York State Department of Correctional Services, Respondent. [657 NYS2d 837] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in four separate misbehavior reports with refusing a direct order, making threats and verbally harassing prison employees. The charges stemmed from a series of incidents that transpired on May 23, 1995 when petitioner engaged in verbal exchanges with several correction officers. Following a disciplinary hearing, petitioner was found guilty of all charges and a penalty of nine months in the special housing unit (later modified to 180 days) and six months' loss of good time was imposed. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, to challenge respondent's determination.

Petitioner initially contends that the Hearing Officer failed to make a meaningful attempt to secure the testimony of two inmate witnesses. We agree. It is well settled that "where the record does not reflect any reason for the [witnesses'] refusal to

testify, or that any inquiry was made of [them] as to why [they] refused or that the hearing officer communicated with the [witnesses] to verify [their] refusal to testify, there has been a denial of the inmate's right to call witnesses as provided in the regulations" (*Matter of Barnes v LeFevre*, 69 NY2d 649, 650). Such is the case here.

Although respondent asserts that petitioner failed to demonstrate the relevancy of the requested testimony, we note that the Hearing Officer did not make any determination regarding whether the inmates' testimony was material, relevant or redundant and, as such, the issue distills to whether the Hearing Officer improperly failed to ascertain the reasons underlying the inmates' refusal to testify (*see, Matter of Brodie v Selsky*, 203 AD2d 671). In this regard, there is no indication in the record that the Hearing Officer personally questioned the subject inmates to verify that they indeed were refusing to testify or to ascertain their reasons therefor (*compare, Matter of Beckford v Coughlin*, 210 AD2d 775, *lv denied* 85 NY2d 807). Additionally, to the extent that the Hearing Officer relied upon a correction officer's hearsay report that the inmates in question refused to testify on petitioner's behalf, we need only observe that the record as a whole does not contain sufficient detail or information to have provided the Hearing Officer with a basis for assessing the authenticity of the inmates' refusal (*compare, Matter of Boyd v Coughlin*, 220 AD2d 913; *Matter of Luna v Coughlin*, 210 AD2d 757). Indeed, the record is silent as to why these witnesses refused to testify.

Given the magnitude of the Hearing Officer's error, and inasmuch as the record fails to disclose upon which of the four misbehavior reports the requested witnesses would have offered testimony, we have no choice but to annul respondent's determination insofar as it relates to the misbehavior reports authored by Correction Officers C. Hable, A. Hicks and J. McKeon and direct that any reference to the charges contained therein be expunged from petitioner's record (*see generally, Matter of Brodie v Selsky, supra; Matter of Contras v Coughlin*, 199 AD2d 601). We reach a contrary conclusion, however, with respect to the misbehavior report authored by Correction Officer N. Kapnolas charging petitioner with making a threat. Petitioner admitted that he made the offending statement and, as such, his own testimony provides substantial evidence to support respondent's determination in this regard.

In light of this conclusion, we need not address the remaining arguments advanced by petitioner, except to note that we must remit this matter to respondent for a redetermination as

to the penalty. Although petitioner has served his administrative penalty and is entitled to have his loss of good time restored, we cannot do so without first giving respondent the opportunity to consider whether a loss of good time should be imposed upon the one remaining rule violation.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order, making threats and verbally harassing prison employees, as set forth in the misbehavior reports authored by Correction Officers C. Hable, A. Hicks and J. McKeon; petition granted to said extent, respondent is directed to expunge all references to such charges from petitioner's institutional records and matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.