■ In the Matter of BARON ROWLETT, Appellant, v PHILIP COOMBE, JR., as Commissioner of the Department of Cor-

rectional Services, et al., Respondents. [661 NYS2d 879] —Appeal from a judgment of the Supreme Court (Hemmett, Jr., J.), entered October 21, 1996 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Pursuant to six misbehavior reports, petitioner was charged with, and ultimately found guilty of, violating various prison disciplinary rules, including attempted assault on staff and refusing a direct order. The charges stemmed from petitioner's alleged assault on a fellow inmate and subsequent attempted assaults on six correction officers with a plexiglass shank. Supreme Court rejected petitioner's procedural challenges to the administrative determination and dismissed the petition. This appeal ensued.

We reject petitioner's contention that he was denied relevant documentary evidence, i.e., a copy of a cell search slip, which he contends was needed in order to establish a defense of harassment by staff members. Such information was irrelevant to the various charges under consideration (*see*, *Matter of Hendricks v Scully*, 206 AD2d 427, 428). Likewise, we reject petitioner's contention that he received inadequate employee assistance inasmuch as this contention is predicated upon the assistant's failure to produce the irrelevant cell search slip (*see generally*, *Matter of Shapard v Coombe*, 234 AD2d 744, 744-745). Contrary to petitioner's argument, we find no procedural error in the Hearing Officer taking the testimony of the correction officer who authored the second misbehavior report via telephone, especially in light of the fact that the correction officer was currently out of work on compensation due to an injury sustained as a result of the incident being considered.

Turning next to petitioner's numerous arguments relating to his claim that the misbehavior reports were duplicative, we agree with petitioner to the extent of finding that the six charges of possession of a contraband weapon referring to the same plexiglass shank were duplicative (*see*, *Matter of Garcia v Coughlin*, 194 AD2d 896, 897); accordingly, five of the charges must be expunged from petitioner's record and the matter remitted to respondents for a redetermination as to the penalty (*see*, *Matter of Dawes v Selsky*, 239 AD2d 796, 797-798). We find no impropriety with respect to the remaining charges in the six separate reports, most of which were cross-endorsed by the various correction officers involved, given that the evidence established, *inter alia*, that petitioner defied and threatened or

attempted to assault each of the authors of the misbehavior reports (*see*, 7 NYCRR 251-3.1 [a], [b]). In other words, "[e]ach report was based on different observations of petitioner's general and specific activity during the incident" (*Matter of Fletcher v Coughlin*, 161 AD2d 869, 871).

Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as confirmed the determination of petitioner's guilt on five of the charges accusing petitioner of possession of a contraband weapon; determination annulled regarding said charges and matter remitted to respondents for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.