■ In the Matter of COREY HEATH, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit of the State of New York Department of Correctional Services, Respondent. [664 NYS2d 883] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review four determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As a result of petitioner's actions at Coxsackie Correctional Facility in Greene County on January 14, 1996, and a subsequent search of his cell, petitioner was charged in four sepa-

rate misbehavior reports with violating various prison disciplinary rules. Following his hospital release and transfer to another facility, one tier II hearing and three tier III hearings were conducted. At the conclusion of the hearings—each of which began on January 25, 1996 and concluded on January 30, 1996—petitioner was found guilty of violating rules prohibiting, *inter alia*, threats, violent conduct, creating a disturbance, refusing a direct order and possessing unauthorized literature. After most of the determinations of guilt were affirmed on administrative appeal,* petitioner initiated this CPLR article 78 proceeding seeking their annulment.

Initially, we find no merit to petitioner's assertion that the Hearing Officer abused his discretion by refusing to grant an adjournment on the basis of petitioner's medical complaints. To the contrary, the record reveals that, in two of the hearings, an adjournment was granted after petitioner raised the issue of his medical condition; in a third hearing, the Hearing Officer reopened the case and allowed petitioner to present further evidence for the same reason. In the fourth hearing, although petitioner made no mention of his medical condition, there was an adjournment from January 25, 1996 until January 30, 1996 for other reasons. The record similarly belies petitioner's claim that the Hearing Officer was biased (*see, Matter of Kron v Coombe*, 233 AD2d 641) and, in any event, petitioner failed to submit any proof that the outcomes of the hearings flowed from the alleged bias (*see, Matter of Barnhill v Coombe*, 239 AD2d 719, 721).

Furthermore, the misbehavior reports and corroborating testimony of various eyewitnesses constituted substantial evidence (*see, Matter of Scott v Bennett*, 242 AD2d 791; *Matter of Rivera v Coombe*, 248 AD2d 830) supporting the challenged determinations, including that involving the possession of unauthorized literature. Any inconsistencies between petitioner's testimony and that of the correction officers merely created a credibility issue, which the Hearing Officer could properly resolve against petitioner (*see, Matter of Scott v Bennett, supra*; *Matter of Ruffin v Coombe*, 233 AD2d 729).

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.

---

* Although petitioner appealed the Hearing Officer's determination finding him guilty of possessing unauthorized literature, the record on review contains no response from respondent.