■ In the Matter of PRESTON A. SMITH, Petitioner, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents. [666 NYS2d 808] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While an inmate at Clinton Correctional Facility in Clinton County, petitioner was served with three misbehavior reports charging him with violating various prison disciplinary rules all stemming from his conduct on July 25, 1996. In the first report, petitioner was charged with assault, violating facility visiting rules and creating a disturbance after he slapped his wife in the facility visiting room. In the second report, petitioner was charged with engaging in conduct involving the threat of violence and inciting a demonstration when he stated to other inmates while being escorted from the visiting room to his cell that "we ought to tip this place over" and began chanting "Attica, Attica". In the third report, petitioner was charged with making threats, engaging in conduct involving the threat of violence and disturbing the order of the facility when he told a correction officer that he would stab him and made other similar remarks after being served with a copy of the first misbehavior report.

One disciplinary hearing was held concerning the charges contained in the first report and a second disciplinary hearing was held concerning the charges contained in the second and third reports. At the conclusion of these hearings, petitioner was found guilty of all charges. He commenced this CPLR article 78 proceeding challenging these determinations.

Initially, we find no merit to petitioner's claim that he was improperly denied the right to call certain witnesses at the hearings. The record discloses that the Hearing Officer attempted to contact petitioner's wife to obtain her testimony at the first hearing, but that he got her answering machine and she neglected to return his call. In our view, the Hearing Officer made reasonable and substantial efforts to obtain her testimony (see, Matter of Boyd v Coombe, 233 AD2d 654; Matter of Gonzalez v Mann, 186 AD2d 876, 877). As to the inmate witnesses petitioner requested to have testify at the second hearing, three of these witnesses apparently refused to testify when brought down to the hearing room. Although the Hear-

ing Officer improperly failed to take measures to ensure that these witnesses' refusals were genuine or to ascertain the reasons for their refusals (*see, Matter of Dawes v Selsky*, 239 AD2d 796, 797), this does not require annulment of the administrative determination since their testimony would have been cumulative to that of the other inmate witnesses who did testify (*see, Matter of Gonzalez v Mann, supra*, at 877).

In addition, we find that the administrative determinations are supported by substantial evidence in the record. As to the charges contained in the first misbehavior report, the misbehavior report, together with the testimony of the correction officer who prepared it as well as another correction officer who spoke with petitioner's wife after the incident, amply support the administrative determination of guilt. Likewise, the charges contained in the second and third reports are substantiated by the testimony of the correction officers who prepared them and who were witnesses to petitioner's behavior. To the extent that petitioner presented evidence negating his guilt, this merely presented a question of credibility for the Hearing Officer to resolve (*see, Matter of Devodier v Selsky*, 241 AD2d 737; *Matter of Thornhill v Selsky*, 241 AD2d 631).

Finally, contrary to petitioner's claim, we do not find that Hearing Officer bias is established by the fact that the same Hearing Officer presided over both hearings. Based upon our review of the record, we conclude that the Hearing Officer conducted both hearings in a fair and impartial manner (*see, Matter of Thompson*, 240 AD2d 977; *Matter of Lugo v Coombe*, 240 AD2d 878). We have considered petitioner's remaining contentions and find them to be unavailing.

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.