■ In the Matter of WAYNE WASHINGTON, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [666 NYS2d 796] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Substantial evidence supports the determination finding petitioner guilty of violating prison disciplinary rules prohibiting inmates from refusing to follow a direct order, engaging in violent conduct and taking action intended to take over an area of the facility. The record reveals that on June 22, 1996, correction officers at Bare Hill Correctional Facility in Franklin County responded to a call on the M-2 housing unit to break up a fight between two inmates. Correction officers arrived on

the unit, separated the two inmates and ordered petitioner and the other inmates in the area to return to their cubes. After one of the inmates who was involved in the fight was escorted outside of the housing unit, the correction officer who authored the misbehavior report observed petitioner and several other inmates attempt to follow the escort officers and the inmate outside by pushing on a door to get out while correction officers were attempting to lock it. Petitioner failed to obey an order to get away from the door and to return to his cube. We find that this testimony, along with the detailed misbehavior report, support the finding of guilt as to each charge.

We reject petitioner's contention that he was denied due process because the Hearing Officer would not allow pictures of him taken five days after the incident described in the misbehavior report to be introduced into evidence. We agree with the Hearing Officer that these pictures, which were sought to show the injuries petitioner had allegedly sustained at the hands of correction officers following the incident, would have no relevance to the charges at issue (*see, Matter of Rowlett v Coombe*, 242 AD2d 798). Furthermore, we find that petitioner was afforded a fair and impartial hearing and reject his claim of Hearing Officer bias. The Hearing Officer's tangential involvement in this matter did not disqualify him from presiding over the hearing (*see*, 7 NYCRR 254.1; *see also, Matter of Cowart v Coughlin*, 193 AD2d 887, 887-888). In any event, petitioner has failed to demonstrate that any alleged bias affected the outcome of the hearing (*see, Matter of Rosa v Coombe*, 238 AD2d 814, 815; *Matter of Nieves v Coughlin*, 157 AD2d 943, 944). Petitioner's remaining contentions have been examined and found to be without merit.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.