■ In the Matter of HAROLD KONIGSBERG, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, New York State Department of Correctional Services, et al., Respondents. [680 NYS2d 701] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was confined on February 4, 1996 following a search of his cell which revealed that he possessed, without authorization, *inter alia*, 482 packs of cigarettes, two razor blades, $35 in cash and postage stamps worth $87.25. The next day, three misbehavior reports were served upon petitioner and, on February 10, 1996, a Superintendent's hearing was commenced but then adjourned when petitioner requested an employee assistant. The hearing was reconvened on February 13, 1996 and completed on February 15, 1996 with a finding of guilty on eight of the nine charges preferred against petitioner, and the imposition of a penalty of 365 days' confinement in the special housing unit plus loss of privileges. Because petitioner's administrative appeal was unsuccessful, he commenced this CPLR article 78 proceeding that has been transferred to this Court.*

Petitioner advances several procedural arguments which we will treat seriatim. First, his claim that the Hearing Officer lacked authority to conduct the hearing is belied by the record, which contains a designation in full compliance with 7 NYCRR 254.1. Petitioner next contends that the hearing should have been dismissed because it was not commenced within seven days of his confinement (*see*, 7 NYCRR 251-5.1 [a]). We disagree since the subject time limit is directory, not mandatory,

---

* Although petitioner raised a substantial evidence issue in his petition, he has not discussed it in his brief. Therefore, we deem that issue abandoned (*see, Richardson v Richardson*, 186 AD2d 946, *lv dismissed, lv denied* 81 NY2d 867).

and where, as here, no substantial prejudice has been shown, the delay does not warrant annulment (*see, Matter of Edmonds v Coombe*, 239 AD2d 798; *Matter of Chappelle v Coombe*, 234 AD2d 779, 780). Moreover, the delay to February 13, 1996 was occasioned by petitioner's request for an employee assistant and respondents obtained an extension pursuant to 7 NYCRR 251-5.1 (a).

Inasmuch as petitioner received all of the documents to which he was entitled and as he has not shown that he was prejudiced by his assistant's alleged inadequacies, we find he was provided with meaningful representation (*see, Matter of Greene v Coombe*, 242 AD2d 796, 797, *lv denied* 91 NY2d 803; *Matter of Gill v Selsky*, 240 AD2d 831). The Hearing Officer did not abuse his discretion in denying petitioner's request to have his employee assistant present at the hearing. The record indicates that petitioner was not prejudiced as he was able to competently present his defense and declined the Hearing Officer's offer of a postponement in the event he was ill or too tired to continue (*see, Matter of Alvarez v Goord*, 243 AD2d 973, 974).

We further find that petitioner's conditional right to call witnesses was not abridged since his potential witnesses' testimony was not relevant as it did not relate to petitioner's innocence or serve to mitigate his guilt (*see, Matter of Laureano v Kuhlmann*, 75 NY2d 141, 146; *Matter of Barreto v Goord*, 244 AD2d 610, 611). Petitioner's claim that the Hearing Officer was biased is without substance as there is no proof that the outcome of the hearing flowed from any alleged bias (*see, Matter of Washington v Goord*, 245 AD2d 914; *Matter of Rosa v Coombe*, 238 AD2d 814, 815, *appeal dismissed* 90 NY2d 900).

We shall not consider petitioner's final argument that his penalty was excessive as it has been rendered moot by the fact that petitioner has fully served his time in the special housing unit and there are no potential future consequences, such as loss of good time, that may flow from the imposition of the penalty (*see, Matter of Ellison v Coughlin*, 191 AD2d 778, 779).

For these reasons, we confirm the determination.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.