■ In the Matter of LUIS FELICIANO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [682 NYS2d 115] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting assault on a staff member, commission of a sexual offense and being out of place. The misbehavior report, admitted in evidence at the disciplinary hearing, indicated that on October 25, 1996, petitioner left the hospital clinic area without authorization and entered the dental clinic where he encountered a facility employee, the dental hygienist. Disregarding the hygienist's request to leave the clinic, petitioner grabbed the woman around the neck and attempted to drag her into a back room. Responding to petitioner's screams for assistance, two correction officers responded, saw petitioner restraining the hygienist by the neck and, with the aid of two additional correction officers, subdued petitioner. Petitioner was then brought to the hospital clinic, where it was observed that his pants were unzipped and his penis was outside his underwear.

Our review of the record reveals that substantial evidence supported the determination of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Supporting the narrative of the misbehavior report was the testimony of the dental hygienist, together with the accounts of the four correction of-

ficers involved in the incident. That the testimony presented by petitioner was in conflict with that of the other witnesses at the hearing presented an issue of credibility for resolution by the Hearing Officer (*see, Matter of Perez v Wilmot*, 67 NY2d 615, 617).

Petitioner has failed to substantiate his assertion that the aid he received from his employee assistant was inadequate (*see, Matter of Rowlett v Coombe*, 242 AD2d 798, 799), nor is there any indication in the record that the disciplinary hearing was conducted in other than a fair and equitable manner (*see, Matter of Cowart v Pico*, 213 AD2d 853, 855, *lv denied* 85 NY2d 812). Finally, we reject petitioner's challenge to the penalty imposed by the Hearing Officer. Given the heinous nature of petitioner's current violations together with his institutional record disclosing 10 prior instances of lewd exposure, we find the penalty of 10 years' confinement in the special housing unit to be appropriate.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.