■ In the Matter of JOSE SOTO, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Departrment of Correctional Services, et al., Respondents. [713 NYS2d 777] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After an investigation and confidential information revealed that he actively participated in an assault on another inmate, petitioner was charged with violating the prison disciplinary rules which prohibit inmates from assaulting other inmates, fighting, engaging in violent conduct and being out of place. Following a disciplinary hearing, the Hearing Officer failed to reach a disposition on the out of place charge but found petitioner guilty of the remaining three charges. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination and the matter was transferred to this Court.

We reject the contention that substantial evidence does not support the determination that petitioner was guilty of assaulting an inmate, fighting and engaging in violent conduct. The correction officer who authored the misbehavior report testified that he investigated the assault and discovered that petitioner was one of three inmates who attacked the victim in a facility restroom. The investigation disclosed that following a verbal confrontation, petitioner repeatedly struck the victim with his fists while another inmate cut him with a razorblade.

This testimony, coupled with the misbehavior report and the confidential information, provides substantial evidence to support the determination of guilt (*see, Matter of Rosario v Goord,* 255 AD2d 851; *Matter of Cooper v Goord,* 247 AD2d 666; *Matter of Hazel v Coombe,* 239 AD2d 736).

Moreover, our in camera review of the transcript of the confidential information leads us to conclude that the Hearing Officer properly found it to be credible and reliable (*see, Matter of Rivera v Selsky,* 272 AD2d 708; *Matter of Knight v Goord,* 267 AD2d 523; *lv denied* 94 NY2d 760). Although petitioner claims that he was not involved in the assault, this created a credibility issue that the Hearing Officer was entitled to resolve against petitioner (*see, Matter of Washington v Selsky,* 271 AD2d 798; *Matter of Nieves v Selsky,* 263 AD2d 795, 796).

Petitioner's remaining arguments have been reviewed and rejected as unpersuasive.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.