■ In the Matter of WILFREDO MELENDEZ, Petitioner, v GLENN GOORD, as Commissioner of Correctional Services, Respondent. [727 NYS2d 206] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit violent conduct, assault on another

inmate and possession of a weapon. The charges arose out of an incident that took place in the facility's recreation room where petitioner slashed a fellow inmate on the face with a razorblade. Petitioner challenges the determination of his guilt on the ground that it was not based upon substantial evidence. We disagree.

At petitioner's disciplinary hearing, the correction officer who authored the misbehavior report testified that he had investigated the stabbing and had been informed by the victim that the perpetrator was an inmate nicknamed "Face." Upon reviewing an array of inmate photographs, the victim identified petitioner as his assailant. The correction officer in charge of petitioner's dormitory then testified that petitioner's nickname was "Face," adding that petitioner was the only inmate in the dormitory with this nickname.

We find that the detailed misbehavior report and the testimony of the correction officers were sufficient to constitute substantial evidence of petitioner's guilt (*see, Matter of Soto v Goord*, 275 AD2d 872, 873). To the extent that the testimony given by petitioner and his witnesses was in conflict with the proof presented against him, this conflict presented an issue of credibility that was appropriately determined by the Hearing Officer (*see, Matter of Washington v Selsky*, 271 AD2d 798, 799; *Matter of Nieves v Selsky*, 263 AD2d 795, 796). We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, Crew III, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.