◼ In the Matter of STEPHEN GIBSON, Petitioner, v THOMAS RICKS, as Superintendent of Upstate Correctional Facility, et al., Respondents. [732 NYS2d 452] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule that prohibits the organization of a demonstration or work stoppage, or encouraging other inmates to participate therein. The misbehavior report, dated December 24, 1999, related that, based on the results of an ongoing investigation conducted by the reporting officer and information provided by confidential informants, petitioner had been identified as a participant in the planning for a State-wide inmate work stoppage, known as the Y2K demonstration, slated to commence January 1, 2000. Substantial evidence in the record supports the determination of petitioner's guilt in the form of the misbehavior report and the confidential and nonconfidential testimony given by the correction officer who authored it, stating that petitioner had urged fellow inmates to participate in the Y2K demonstration (see, Matter of Shannon v Goord, 282 AD2d 909; Matter of Knight v Goord, 267 AD2d 523, 524, lv denied 94 NY2d 760).

Petitioner's contention that the misbehavior report was too vague to provide him with sufficient notice of the charges

against him is rejected. The correction officer who authored the misbehavior report provided petitioner with specific dates of his participation during the hearing. The Hearing Officer then offered petitioner an adjournment to consider his defense and obtain witnesses, but petitioner did not avail himself of this opportunity.

Contrary to petitioner's contention, the Hearing Officer was provided with sufficiently detailed information and corroborating evidence in the correction officer's confidential testimony to enable the Hearing Officer to make an independent assessment of the informants' reliability (*see, Matter of Luxemburgo v Selsky,* 263 AD2d 742; *Matter of Medina v Goord,* 253 AD2d 973). Petitioner's remaining contentions have been examined and found to be without merit.

Cardona, P. J., Crew III, Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.