■ In the Matter of ALLEN BULLOCK, Petitioner, v GLENN S. GOORD, as Comissioner of Correctional Services, Respondent. [734 NYS2d 699] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court,

entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit refusing to obey a direct order, being out of place, creating a disturbance and assault upon another inmate. The detailed misbehavior report was presented in evidence at petitioner's disciplinary hearing as was the testimony of the correction officer who authored it. The officer stated that he had observed petitioner being pursued by a second inmate who was bleeding heavily from a slash wound on the left side of his face. Petitioner was not authorized to be in the area, had ignored the correction officer's order to stop and had created a disturbance among the inmates who witnessed the incident. The second inmate subsequently identified petitioner as his assailant.

We find that substantial evidence of petitioner's guilt was presented in the form of the misbehavior report and the testimony of the correction officer who authored it based upon his personal observations of the events in question (*see, Matter of Melendez v Goord*, 285 AD2d 782, 783; *Matter of Soto v Goord*, 275 AD2d 872, 873). That petitioner and his inmate witnesses gave exculpatory testimony created an issue of credibility that the Hearing Officer was free to resolve against petitioner (*see, Matter of Washington v Selsky*, 271 AD2d 798, 799; *Matter of Nieves v Selsky*, 263 AD2d 795, 796). We are unpersuaded by petitioner's remaining contentions, including his assertion that he was denied the right to call witnesses because the inmate victim did not testify. The record discloses that the victim refused to testify at the disciplinary hearing. The witness refusal form executed by him was admitted in evidence at the hearing and was sufficient to excuse his absence (*see, Matter of Jimenez v Goord*, 264 AD2d 918, 919; *Matter of Gold v Bradt*, 254 AD2d 674, *lv denied* 92 NY2d 819). Petitioner's remaining contentions have been reviewed and found to be without merit.

Mercure, J. P., Crew III, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.