■ In the Matter of MITCHELL MAGEE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [755 NYS2d 330] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting assault after a correction officer observed him grab a female visitor by the upper arm and force her down into a chair, apparently in an effort to prevent her from leaving. As charged in the misbehavior report, petitioner's action caused the woman to suffer a bloody scratch on the inside of her arm. The reporting officer related that although the woman was obviously upset, she declined to file charges against petitioner. Included in the evidence presented at petitioner's disciplinary hearing was the misbehavior report, the testimony of the reporting officer and that of a nurse from the facility's infirmary who treated the woman following her visit to petitioner. He confirmed that the woman had sustained a laceration on her upper arm which, she informed him, had occurred when she was "slammed * * * down in [a] chair." We find this sufficient to constitute substantial evidence of petitioner's guilt (*see Matter of Smith v Senkowski*, 245 AD2d 909, 910 [1997], *lv denied* 91 NY2d 813 [1998]). Although petitioner and his visitor testified that the injury was accidental, this presented an issue of credibility that lay within the discretionary power of the Hearing Officer to resolve (*see Matter of Alejandro v Goord*, 278 AD2d 731 [2000]). As substantial evidence supports the determination, it will not be disturbed. We have examined the remaining issues raised by petitioner, including his allegations of procedural errors and hearing officer bias, and find them to be meritless.

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.