■ In the Matter of ELVIN LEBRON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [775 NYS2d 434]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was the subject of two misbehavior reports arising out of separate incidents, both resulting in adverse disciplinary determinations. The first report charged petitioner with conspiring to organize a demonstration in violation of prison rules. It was based upon petitioner's conversation with another inmate, overheard by a correction officer, in which petitioner discussed

plans to conduct a sit-in protest. Substantial evidence in the form of the misbehavior report, the testimony of the officer who overheard the conversation and other corroborating testimony supports the determination finding him guilty (*see Matter of Gibson v Ricks*, 288 AD2d 569, 569 [2001]). Petitioner's explanation that the overheard conversation actually concerned an unrelated matter presented a credibility issue for the Hearing Officer to resolve (*see Matter of Rose v Goord*, 259 AD2d 806, 806 [1999], *lv denied* 93 NY2d 810 [1999]).

As for petitioner's procedural challenges to the above determination, we find no error in the Hearing Officer's refusal to produce certain witnesses and evidence. Nor was it improper to preclude petitioner from pursuing certain lines of questioning. This record confirms the Hearing Officer's finding that the witnesses or items requested were either irrelevant to the charges or unavailable and, in any event, petitioner's defense was not prejudiced by their absence (*see Matter of Hernandez v Selsky*, 296 AD2d 677, 677 [2002]; *Matter of Shapard v Coombe*, 234 AD2d 744, 744 [1996]). Contrary to petitioner's assertion, his employee assistant was adequate despite the fact that every requested document was not produced (*see Matter of Encarnacion v Goord*, 286 AD2d 828, 829 [2001], *appeal dismissed and lvs denied* 97 NY2d 606, 653 [2001]). Petitioner's claim of hearing officer bias is also belied by this record, which demonstrates a fair and impartial hearing (*see Matter of Flynn v Coombe*, 239 AD2d 725, 726 [1997]). Lastly, we conclude that the penalty imposed, reduced on administrative appeal, was not excessive under the circumstances (*see Matter of Durland v Selsky*, 232 AD2d 796, 796 [1996]).

The second misbehavior report alleges that petitioner slashed the face of another inmate with a sharp instrument. Following a hearing, petitioner was found guilty of assaulting another inmate, violent conduct, creating a disturbance, possession of a weapon and refusing to accept a double-bunking assignment. Upon our review, we find substantial evidence supporting the finding of guilt based upon, inter alia, the detailed misbehavior report and the testimony from a correction counselor who witnessed the events and indicated that petitioner admitted perpetrating the incident because he did not want to double-bunk with the victim (*see Matter of Winbush v Ricks*, 306 AD2d 601, 601 [2003]; *Matter of Sanchez v Goord*, 300 AD2d 956, 956 [2002]).

Furthermore, we find no procedural infirmities with this determination. Petitioner received adequate employee assistance and was provided with all witnesses and documents necessary

to present a defense (*see Matter of Cendales v Goord*, 293 AD2d 802, 803 [2002]). In that regard, we note that the absence of the victim from the hearing, who petitioner requested to testify, was sufficiently explained by the Hearing Officer and by the victim's signed witness refusal form (*see Matter of Bullock v Goord*, 289 AD2d 864, 865 [2001]). Furthermore, we conclude that the misbehavior report was adequate to apprise petitioner of the charges against him (*see Matter of Rivera v Miller*, 273 AD2d 599, 599 [2000]). Petitioner's remaining contentions, including his claims of hearing officer bias and excessive penalty, have been examined and found to be without merit.

We decline to consider petitioner's numerous challenges to, inter alia, other disciplinary hearings conducted prior to the year 2000. Petitioner's right to bring those challenges is clearly time-barred, his applications for reconsideration notwithstanding (*see Matter of Jenkins v Goord*, 288 AD2d 732, 733 [2001], *appeal dismissed* 97 NY2d 748 [2002]).

Mercure, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.