■ In the Matter of LARRY DAVIS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [846 NYS2d 770]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a violent altercation between inmates and correction officers in the unit where petitioner was housed, petitioner was recorded making statements in a telephone call that he had incited other inmates to get involved in the altercation and that staff had killed one of the inmates involved. Petitioner also requested that he be connected via a three-way call to another inmate's mother, to whom he described the incident. As a result, petitioner was charged in a misbehavior report with urging other inmates to participate in action detrimental to the correctional facility, engaging in prohibited call forwarding or third-party calls, and lying. At the conclusion of a tier III disciplinary hearing, he was found guilty of all charges and given a penalty of three months in the special housing unit, as well as 14 days prehearing confinement, and three months loss of privileges.

Respondent modified the determination upon petitioner's appeal by dismissing the charge of lying due to the improper denial of a requested witness who may have offered relevant testimony on that charge. Respondent otherwise affirmed the determination and did not reduce the penalty. This CPLR article 78 proceeding ensued.

Initially, we reject petitioner's argument that the determination is not supported by substantial evidence. Although petitioner was not named as a participant by inmate witnesses or in any reports regarding the incident, he pleaded guilty to engaging in prohibited third-party calls or call forwarding, and admitted to stating that he encouraged other inmates to join the altercation. These admissions and the misbehavior report constitute substantial evidence to support the determination (*see Matter of Carini v Selsky*, 19 AD3d 718, 719 [2005]; *Matter of Towles v Selsky*, 12 AD3d 737, 738 [2004], *lv denied* 4 NY3d 706 [2005]; *Matter of Lebron v Goord*, 6 AD3d 997, 997-998 [2004]). While petitioner explained that he knew his telephone calls were recorded and purposely stated that he incited the disturbance in order to be transferred to special housing so that he could see the extent of another inmate's injuries for himself, his explanation created a question of credibility for the Hearing Officer to resolve (*see Matter of Lebron v Goord*, 6 AD3d at 998).

Turning to the remaining procedural challenges, we reject petitioner's argument that annulment is required because he was denied his conditional right to call witnesses pursuant to 7 NYCRR 254.5 (a). Petitioner sought to call 16 inmate witnesses and approximately 35 officers who were involved in the incident. Although, as respondent concedes, the Hearing Officer erred in failing to sufficiently inquire into the reasons surrounding the refusal to testify by four inmate witnesses (*see Matter of Boyd v Selsky*, 232 AD2d 929, 929-930 [1996]), all of the proffered testimony was either cumulative or relevant only to the charge of lying that was dismissed on administrative appeal (*see Matter of Lebron v Goord*, 6 AD3d at 998; *Matter of Bolden v Selsky*, 305 AD2d 749, 750 [2003], *lv denied* 100 NY2d 510 [2003]; *Matter of Smith v Senkowski*, 245 AD2d 909, 910 [1997], *lv denied* 91 NY2d 813 [1998]). Similarly lacking in merit is petitioner's assertion that he received ineffective assistance due to his assistant's failure to obtain various documents and identify certain witnesses. As noted above, the witnesses' testimony was either irrelevant to the sustained charges or redundant. Moreover, the documentary evidence sought by petitioner either was not in dispute or related to matters outside the scope of the hearing. Accordingly, petitioner has failed to demonstrate that he was

prejudiced by any of his assistant's purported failings (*see Matter of Colon v Goord*, 11 AD3d 839, 840 [2004]; *Matter of Matos v Goord*, 267 AD2d 730, 731 [1999]; *Matter of Gonzalez v Mann*, 186 AD2d 876, 877 [1992]).

Petitioner's remaining contentions, including his claim that the penalty was harsh and excessive, are lacking in merit.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.