■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SALVATORE BAPTISTE, Appellant, v HAROLD J. SMITH, as Superinten-

dent of Attica Correctional Facility, Respondent.—Judgment unanimously modified by converting proceeding to one under CPLR article 78 and as modified, affirmed. Memorandum: Relator appeals from a judgment which dismissed his petition for habeas corpus seeking to review the determination at a superintendent's hearing. Inasmuch as the relief sought in the petition could not have resulted in relator's release, habeas corpus is not the proper remedy and the proceeding should be converted to one under CPLR article 78 (CPLR 103 [c]).

The hearing officer denied relator the right to be present during the interview of his requested inmate witnesses because "[r]equested inmates were on kl (keep lock) status and also one inmate involved in the same incident. To insure institutional safety and correctional goals inmates will not be present at Hearing with Inmate Baptiste present." That determination met the requirements of the regulation governing superintendent's hearings (7 NYCRR 254.5 [b]; see, People ex rel. Bradley v Smith, 115 AD2d 225).

Additionally, the misbehavior reports of the corrections officers who did not appear are sufficient to sustain a finding that relator was guilty of rule violations (see, Matter of Semper v Smith, 66 NY2d 130). (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—habeas corpus.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ.