■ In the Matter of HERMINIO SANCHEZ, Petitioner, v ROBERT HOKE, as Superintendent of Eastern New York Correctional Facility, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to annul a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain disciplinary rules.

Petitioner, a Spanish-speaking inmate at Eastern Correctional Facility, has only a limited understanding of spoken

English. On January 22, 1985, he submitted a urine sample for testing for the presence of controlled substances. Chemical tests conducted by two different correction officers (COs) detected cocaine. Their findings constituted the basis for charging petitioner with impermissibly possessing or using a controlled substance. After a hearing, which covered several days, the charge was sustained and affirmed by respondent Commissioner of Correctional Services.

In this proceeding, petitioner now claims that substantial evidence was lacking and that the hearing he was afforded was unfair. The first-mentioned challenge assumed that the urinalysis procedure forms and request for urinalysis forms, which were admitted into evidence at the hearing, did not provide an adequate foundation for the introduction of the test results. That same argument was recently rejected in *Matter of Newman v Coughlin* (110 AD2d 981); we adhere to that decision.

Regarding the fairness of the hearing, petitioner's complaints include the adequacy of the notice, the absence of Spanish translations of the urinalysis forms and the lack of employee assistance. The dispute over the notice turns on credibility, for a CO testified that he served petitioner with a Spanish translation of the misbehavior report before the first hearing date. The CO's written record of the event, signed by petitioner, confirms this. Significantly, when petitioner argued at the first hearing that he received no notice of the charge in Spanish, an interpreter recited the contents of the misbehavior report and, between the time of the first and second hearings, petitioner received a copy thereof in Spanish. There is no reason to disturb the administrative conclusion that the notice was adequate. It was within the hearing officer's province to accept the CO's assertion that petitioner had notice in Spanish of the charge before the first hearing *(see, Matter of Witherspoon v LeFevre,* 82 AD2d 959, *appeal dismissed* 54 NY2d 829)*; beyond that, it is apparent that petitioner did indeed understand the charges and received an adequate opportunity to plan and implement a defense.

Even less persuasive is petitioner's claim that the absence of Spanish translations of the urinalysis forms deprived him of a fair hearing. His failure to request any such relief at the hearing at a time when the issue could have been addressed and, if necessary, cured effectively waived that objection *(see, Matter of Guzman v Coughlin,* 90 AD2d 666). For the same reason, petitioner's lament that employee assistance was not accorded rings hollow. After a colloquy with the hearing

officer relating to employee assistance, petitioner received the assistance for which he asked—an interpreter. It is noteworthy also that, despite petitioner's protestations of unfairness due to his difficulties with the English language, he participated actively, through the interpreter, in the entire proceeding.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.