■ In the Matter of RUFUS MELVIN, Respondent, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, et al., Appellants.—Judgment unanimously vacated, on the law, determination confirmed, and petition dismissed. Memorandum: The court erred by failing to transfer the substantial evidence question to this court (CPLR 7804 [g]). We have considered this question as if properly transferred *(Matter of Lahey v Kelly,* 125 AD2d 923; *Collana v Perales,* 123 AD2d 493).

The Hearing Officer was entitled to credit the charging officer's report even though the officer did not testify and his account differed from that of petitioner and two inmate witnesses *(see, Matter of Perez v Wilmot,* 67 NY2d 615; *see also, People ex rel. Baptiste v Smith,* 115 AD2d 225). Since the report contained a detailed account of the events giving rise to the charges, the determination was supported by substantial evidence and must be confirmed.

There is no regulatory mandate that the Superintendent review a transcript or tape recording of the hearing on an administrative appeal. *(see,* 7 NYCRR 253.8) and we cannot conclude that the failure to do so violates any due process rights since petitioner was afforded judicial review of the Hearing Officer's determination *(Matter of Samuels v LeFevre,* 120 AD2d 894, 896). (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.