■ In the Matter of PEDRO REVERON, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Wyoming Correctional Facility in Wyoming County, was involved in an altercation with another inmate on February 24, 1987. Petitioner was injured in the fight and was taken to Erie County Medical Center, where he remained until his return to the facility on March 3, 1987. He was served with an inmate misbehavior report on March 4, 1987, charging him with violation of State-wide prison rules

100.10 (assault) and 100.11 (fighting) *(see,* 7 NYCRR 270.1 [b] [1] [i], [ii]). The report was authored by Correction Officer Irving Harrel, Jr., who stated that he observed petitioner fighting and assaulting the other inmate and that each of the participants had a knife.

At a Tier III hearing conducted on March 8, 1987, petitioner initially indicated that he had requested three witnesses to testify on his behalf but, when asked who they were, stated they would only testify in "outside court" and that he had no witnesses. He pleaded not guilty to the assault charge and guilty to the charge of fighting, explaining that he only fought to protect himself from an assault. Harrel testified in accordance with his statement in the misbehavior report. Petitioner was found guilty of both charges and punishment was imposed. Following administrative review confirming the initial determination, this CPLR article 78 proceeding was commenced in Supreme Court and thereafter transferred to this court because of the existence of substantial evidence questions *(see,* CPLR 7804 [g]).

Turning to the merits of the petition, we reject the contention that petitioner was denied a timely hearing. Although the hearing was not commenced within the seven days provided for in 7 NYCRR 251-5.1 (a), the delay was occasioned by petitioner's hospitalization. A timely request was made for an extension, which was authorized by a designee of respondent Commissioner of Correctional Services pursuant to 7 NYCRR 251-5.1 (b) *(see, Matter of La Boy v LeFevre,* 136 AD2d 815; *Matter of Taylor v Coughlin,* 135 AD2d 992), and the hearing was completed within five days following petitioner's return to the facility and less than 14 days following the incident and the writing of the misbehavior report *(see,* 7 NYCRR 251-5.1 [b]). The contention that petitioner was denied adequate employee assistance is also meritless. Because he is a non-English-speaking inmate, petitioner was afforded the services of an employee assistant *(see,* 7 NYCRR 251-4.1 [a] [1]), who interviewed him on March 5, 1987. At that time, petitioner indicated that three inmate witnesses would testify on his behalf, but only in "outside court". The witnesses were never identified and, therefore, could not be interviewed by the employee assistant. Petitioner does not specify any other manner in which the assistance was inadequate and he made no complaint in this regard at the hearing, when any deficiency could have been corrected *(see, Matter of Sanchez v Hoke,* 116 AD2d 871, 872).

The remaining contentions do not require extended discus-

sion. Petitioner was afforded sufficient notice of the possible range of penalties by the State-wide regulations regarding the dispositions which may be imposed *(see,* 7 NYCRR 254.7; *Matter of Coleman v Kelly,* 130 AD2d 976, 977, *appeal dismissed and lv granted* 70 NY2d 733). The Commissioner was not required to review the tape or the transcript of the Superintendent's proceeding *(see, Matter of Melvin v Kelly,* 126 AD2d 956, *lv denied* 69 NY2d 609). Last, the misbehavior report and Harrel's testimony constituted substantial evidence sufficient to sustain the finding of guilt. We have considered petitioner's other arguments and find them to be equally without merit.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.