■ In the Matter of LOUIS AVILES, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated February 14, 1987, finding that the petitioner violated several institutional rules and imposing a penalty, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Ritter, J.), dated September 30, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner failed to establish that the notice he received more than 24 hours prior to the commencement of the Superintendent's hearing was inadequate to inform him of the charges against him and to enable him to marshal his evidence and prepare a defense (see, Wolff v McDonnell, 418 US 539, 564). Thus, his allegation that he was denied due process of law by virtue of inadequate and untimely notice was properly rejected.

Also without merit is the petitioner's contention that he was denied his right to an employee assistant at least 24 hours prior to the commencement of the hearing (see, 7 NYCRR 251-4.1 [a] [2]; 254.6). The regulations of the Department of Correctional Services were complied with when the petitioner was given the opportunity to choose an employee assistant several days prior to the commencement of the hearing (see, 7 NYCRR 251-4.1 [a] [2]; Matter of Scott v Kelly, 143 AD2d 540). Although the petitioner did not take advantage of that opportunity at that time, when he ultimately did indicate the desire to be assisted by an employee, the hearing was adjourned until such time as adequate investigation and preparation could be had.

Finally, the record clearly establishes that the Superintendent's hearing was commenced within seven days of the petitioner's initial confinement (see, 7 NYCRR 251-5.1 [a]). Although the hearing was not completed within 14 days of the writing of the misbehavior report, a time extension was duly authorized, based partially on the fact that the petitioner

indicated a desire to call 11 witnesses on his own behalf *(see,* 7 NYCRR 251-5.1 [b]; *Matter of Gittens v Sullivan,* 151 AD2d 481; *Matter of Hodges v Scully,* 141 AD2d 729). Thus, the petitioner's contention that the time limitations contained in 7 NYCRR 251-5.1 were not complied with was also properly rejected. Mangano, J. P., Brown, Kooper and Sullivan, JJ., concur.