■ In the Matter of ANTHONY BROWN, Petitioner, v THOMAS COUGHLIN, as Commissioner of Correctional Services, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a State prison inmate, was found guilty, follow-

ing a tier III Superintendent's hearing, of assault, fighting and possession of a weapon as charged in a misbehavior report authored by a correction officer who witnessed the incident. Seeking to annul the determination, petitioner contends that he was denied the right to employee assistance. The record does not support petitioner's claim.

At the beginning of the hearing, a question arose concerning petitioner's selection of an employee to assist him. An "assistant selection form", signed by petitioner three days before the hearing, contains check marks next to the names of two of a list of 12 potential employee assistants. The Hearing Officer concluded that since the two employees requested by petitioner were unavailable, and since petitioner had failed to select three names as directed by the form, petitioner had waived his right to an employee assistant. The hearing proceeded with the introduction of the misbehavior report and the testimony of an eyewitness to the incident. Petitioner was unable to provide the names, cell locations or descriptions of any witnesses, and the Hearing Officer adjourned the hearing for deliberation and decision.

Several hours later, the Hearing Officer reopened the hearing for the purpose of rescinding his earlier ruling that petitioner had waived his right to employee assistance. Upon review of the assistant selection form, the Hearing Officer concluded that petitioner might not have been given a full opportunity to select three assistants. The hearing was adjourned to provide petitioner with another opportunity to make a selection. The next day, petitioner was given a new selection form, but he refused to make a selection and would not sign the form, stating that it was too late to do any good. When the hearing resumed several days later, the Hearing Officer again concluded that petitioner had waived his right to employee assistance.

We are of the view that it was petitioner's own conduct in failing to avail himself of the opportunity to choose an employee assistant, and not any act or omission by the Hearing Officer, that resulted in the absence of employee assistance for petitioner. Petitioner's lack of assistance prior to the hearing was attributable at least in part to his failure to select three names from the list of potential assistants contained on the original selection form. We have previously suggested that a deficiency in employee assistance is one which can be corrected during the hearing if the inmate makes a timely complaint (see, Matter of Reveron v Coughlin, 142 AD2d 860, 861). When the Hearing Officer herein realized that petitioner

might not have had a full opportunity to choose an employee assistant, he properly adjourned the hearing and gave petitioner another chance to select an assistant *(see, Matter of Aviles v Scully,* 154 AD2d 371). In view of the employee assistant's role in assisting the inmate in the preparation of a defense *(see,* 7 NYCRR 251-4.2), we see no prejudice to petitioner from the introduction of the misbehavior report and certain testimony prior to the adjournment. Petitioner's refusal to select an employee assistant from the list provided him during the adjournment precludes his claim that he was denied the right to employee assistance *(see, Matter of Bates v Kelly,* 152 AD2d 1009).

Petitioner's remaining arguments are meritless. Although petitioner indicated that he might he able to make up a list of witnesses, he was unable to provide any information concerning the identity of any witnesses, and he did not request that the correction officer who prepared the misbehavior report appear as a witness. The misbehavior report and the testimony of another eyewitness clearly provide the necessary substantial evidence to support the determination, and petitioner's claim concerning the timeliness of the hearing was not preserved by appropriate objection.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.