■ In the Matter of DONALD FAISON, Appellant, v JAMES STINSON, as Superintendent of Great Meadow Correctional Facility, et al., Respondents. [633 NYS2d 635] —Spain, J. Appeal from a judgment of the Supreme Court (Berke, J.), entered November 23, 1994 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate porter at Great Meadow Correctional Facility in Washington County, was directed to sweep several entrance areas and refused. Petitioner was charged in a misbehavior report with refusing to obey a direct order. After a disciplinary hearing in which the misbehavior report was admitted into evidence and petitioner and three inmates testified, petitioner was found guilty of the infraction. Petitioner commenced this proceeding contending, *inter alia*, that there is insufficient evidence to support the determination because the author of the misbehavior report was not interviewed. Supreme Court, finding that the misbehavior report was sufficient to provide evidence of the misconduct, dismissed the petition. Petitioner appeals.

A misbehavior report, here authored and endorsed by the correction officer who gave petitioner the direct order and witnessed petitioner's refusal to comply therewith (*see*, 7 NYCRR 251-3.1), can be sufficient to provide substantial evidence to support a disciplinary determination (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139-140; *see also, Matter of Foster v Coughlin*, 76 NY2d 964). The report, together with

petitioner's own testimony which concedes the essence of the charge, amply meets the substantial evidence test and any contrary testimony simply posed an issue of credibility for the Hearing Officer to resolve (*see, Matter of Bernacet v Coughlin*, 145 AD2d 802, *lv denied* 74 NY2d 603).

We find no merit with petitioner's remaining contentions. The determination referred to the misbehavior report which contains the specific facts forming the basis for the discipline and provides a written basis for review (*see, Matter of Baker v Wilmot*, 65 AD2d 884, *lv denied* 46 NY2d 710, *appeal dismissed* 46 NY2d 939). Similarly, the reasoning for the punishment, four days of keeplock and loss of privileges and a $5 surcharge, is adequately set forth. Petitioner, who complains that the two correction officers involved were not interviewed, failed to call the officers as witnesses and thereby waived his opportunity to question them (*see, Matter of Lebron v Coughlin*, 169 AD2d 859, *lv denied* 78 NY2d 852). The Hearing Officer had no obligation to call witnesses and to present a case for petitioner (*see, Matter of Jackson v LeFevre*, 128 AD2d 1001; *see also, Matter of Williams v Senkowski*, 184 AD2d 949). Finally, the assessment of monetary penalty surcharges has been upheld as valid (*see, Matter of Allah [Sanchez] v Coughlin*, 190 AD2d 233, *lv denied* 82 NY2d 659, 660).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.