■ In the Matter of JOSEPH RIZZUTO, Petitioner, v PHILIP COOMBE, as Commissioner of the New York State Department of Correctional Services, Respondent. [639 NYS2d 582] —Peters, J.

On November 20, 1994, while petitioner was an inmate at Woodbourne Correctional Facility in Sullivan County, he was issued two misbehavior reports, both of which charged him with acting in an obstructive and harassing manner towards correction officers after he had been ordered to provide urine samples for testing. The first report, authored by Correction Officer D. Smith, charged petitioner with violating rule 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusing to obey a direct order]), rule 107.10 (7 NYCRR 270.2 [B] [8] [i] [interfering with an em-

ployee]), rule 107.11 (7 NYCRR 270.2 [B] [8] [ii] [verbal harassment]) and rule 108.14 (7 NYCRR 270.2 [B] [9] [v] [failing to comply with urinalysis testing regulations]). The second report, authored by Correction Sergeant L. Damon, charged petitioner with violating rules 106.10 and 107.10. Following a tier III disciplinary hearing, petitioner was found guilty of violating all charges in the misbehavior reports except the one alleging a violation of rule 106.10 in the first misbehavior report. Petitioner's administrative appeal was denied and this proceeding ensued.

We confirm. Petitioner's own statements admitting that, *inter alia*, he argued with correction officers, the detailed misbehavior reports written on the day of the incidents by the correction officers involved and the corroborative testimony of the hearing witnesses constitute substantial evidence that petitioner violated the subject rules (*see, Matter of Faison v Stinson*, 221 AD2d 746; *Matter of Feliciano v Coughlin*, 206 AD2d 571, 572). Although petitioner argues that he had valid reasons for questioning orders, even if he is correct, this would not constitute justification for his conduct (*see, e.g., Matter of Roman v Coughlin*, 202 AD2d 1000; *Matter of Scott v Leonardo*, 178 AD2d 865). Further, while it is true that the second misbehavior report incorrectly indicates that rule 107.10 constituted verbal harassment instead of stating interference with an employee, petitioner failed to object to the adequacy of the notice at the hearing (*see, Matter of Rodriguez v Coughlin*, 190 AD2d 919, 920) and, in any event, he pleaded not guilty to and was later found guilty of the correct charge.

Petitioner also challenges the fact that Damon, the author of the second misbehavior report, testified via speaker phone, and Smith, the author of the first misbehavior report, was not called as a witness. However, since petitioner failed to object to the use of a telephone interview and expressly stated that he did not want Smith to testify, neither claim has been preserved for review (*see, Matter of Tate v Senkowski*, 215 AD2d 903, 904, *lv denied* 86 NY2d 708).

All other claims have been found to be unpersuasive.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.