■ In the Matter of KARL RAGLAND, Petitioner, v GREAT MEADOW CORRECTIONAL FACILITY et al., Respondents. [664 NYS2d 678] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While an inmate at Great Meadow Correctional Facility in Washington County, petitioner was charged in a misbehavior report with refusing to obey a direct order and violating a movement regulation thereby disregarding certain prison disciplinary rules. The charges stemmed from petitioner's refusal to keep up with the other inmates while being escorted to the mess hall despite having previously been counseled several times regarding this conduct. A determination following a disciplinary hearing finding petitioner guilty of both charges was affirmed on administrative appeal. This proceeding ensued.

Initially, we find that, contrary to petitioner's contentions, any alleged error in the description of the location of the incident does not mandate annulment inasmuch as the misbehavior report sufficiently informed petitioner of the charges against him and enabled him to prepare a defense (*see generally, Matter of Lugo v Coombe*, 240 AD2d 878; *Matter of Torres v Coombe*, 234 AD2d 710). We reject petitioner's contention that the determination is not supported by substantial evidence. The detailed misbehavior report, authored by the correction officer who gave petitioner the direct order and witnessed his refusal to comply therewith, together with petitioner's testimony, provides substantial evidence to support the determination of petitioner's guilt (*see, Matter of Rizzuto v Coombe*, 225 AD2d 961, 962; *Matter of Faison v Stinson*, 221 AD2d 746). Although petitioner contends that an unspecified .

medical condition prevented him from keeping up with the other inmates, he failed to offer or request his medical records to substantiate this defense; in any event, such defense presented an issue of credibility for the Hearing Officer to resolve (*see, Matter of Rivera v Coombe,* 240 AD2d 830; *see also, Matter of Graham v Selsky,* 238 AD2d 828, 829).

We find petitioner's contentions of various procedural and due process errors to be unpersuasive. Our review of the record reveals that the Hearing Officer adequately set forth the evidence upon which he relied in reaching the determination and that he apprised petitioner of his right to appeal. Petitioner's remaining contentions, including his assertion regarding the intermittent gaps in the hearing transcripts, the Hearing Officer's denial of petitioner's request to call witnesses and bias on the part of the Hearing Officer, have been examined and found to be lacking in merit or unpreserved for our review.

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.