■ In the Matter of ALBERTO RIVERA, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [671 NYS2d 154] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While an inmate at Clinton Correctional Facility in Clinton County, petitioner was charged with violating certain prison disciplinary rules. Following a tier II hearing, petitioner was found guilty of failing to obey a direct order and harassing a prison employee. After the determination was affirmed upon administrative appeal, petitioner commenced this CPLR article 78 proceeding, subsequently transferred to this Court, seeking to annul the determination.

Initially, we find that even though the misbehavior report did not contain petitioner's correct inmate identification number, annulment is not warranted since the misbehavior report sufficiently informed petitioner of the charges against him and enabled him to prepare a defense (see, Matter of Ragland v Great Meadow Correctional Facility, 245 AD2d 612, 613) and because this was harmless error (see, Matter of Maldonado v Selsky, 162 AD2d 843). Upon being apprised of the inaccuracy, the Hearing Officer immediately adjourned the hearing and questioned the report's author, who explained that even though she mistakenly wrote the last four digits of another inmate's identification number, petitioner was indeed the inmate to be charged. Thereafter, the Hearing Officer adjourned the hearing a second time so that petitioner could consult with an assistant. Here, petitioner failed to show how he was prejudiced by the minor error (see, Matter of Bolling v

*Coombe*, 234 AD2d 730). Moreover, he never argued that he was not the inmate involved in the incident but instead argued only that he was entitled to a corrected version of the misbehavior report, which he received.

We reject petitioner's contention that the administrative appeal officer was required to listen to the tape of the tier II hearing (*see, Matter of Reveron v Coughlin*, 142 AD2d 860, 862) and find that petitioner's contention that the Hearing Officer was biased is "merely self-serving and without substantiation in the record" (*Matter of Coniglio v Mitchell*, 198 AD2d 565, 567). We also find that petitioner's contention that the misbehavior report was filed in retaliation for his involvement with the Inmate Liaison Committee presented an issue of credibility for the Hearing Officer to resolve (*see, Matter of Ragland v Great Meadow Correctional Facility*, *supra*, at 613). Furthermore, petitioner failed to preserve the issue regarding the excessive nature of the penalty and, in any event, we find that the penalty was not so disproportionate as to shock one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222).

Finally, we reject petitioner's contention that the determination is not supported by substantial evidence. The misbehavior report, together with the testimony of the report's author and a correction officer who was present during the incident, amply support the administrative determination of guilt (*see, Matter of Smith v Senkowski*, 245 AD2d 909, 910; *Matter of Samuels v Goord*, 242 AD2d 841).

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.