■ In the Matter of KEITH BOWERS, Appellant, v GLENN GOORD, as Commissioner of the Department of Correctional Services, Respondent. [695 NYS2d 621] —Appeal from a judgment of the Supreme Court (Castellino, J.), entered February 4, 1999 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating the prison disciplinary rules prohibiting assaults on staff, refusing to obey a direct order, interfering with an employee and failing to comply with a frisk and search procedure. According to petitioner, he was denied adequate prehearing assistance and the right to call witnesses on his behalf. Supreme Court rejected these arguments and we affirm.

Initially, with respect to petitioner's claim of inadequate prehearing assistance, we note that this argument is premised upon the assistant's failure to interview four inmate witnesses that petitioner had identified only by cell number. However, petitioner immediately voiced his complaint at the tier III disciplinary hearing and the Hearing Officer promptly adjourned the hearing to attempt to secure the testimony of these witnesses. Thus, since the Hearing Officer diligently corrected the alleged deficiency in employee assistance (see, Matter of Mabry v Coughlin, 191 AD2d 892, 893; Matter of Brown v Coughlin, 165 AD2d 935, 936), petitioner cannot demonstrate that any prejudice accrued to him as a result of his prehearing assistance (see, Matter of Rivera v Goord, 248 AD2d 902).

Petitioner's remaining claim that he was denied the right to call witnesses stems from the fact that although the requested witnesses were contacted, they nevertheless refused to testify. Two of these witnesses appeared at the hearing and stated their unwillingness to testify on the record. The remaining two witnesses refused to come out of their cells and the correction officer who spoke to them testified at the hearing that they declined to give a reason for their unwillingness to testify. Contrary to petitioner's argument, the Hearing Officer made sufficient inquiry regarding all the refusals (see, Matter of Culbreath v Selsky, 257 AD2d 910, 910-911). Additionally, the Hearing Officer was not required to personally interview each witness who refused to testify (see, Matter of Colon v Goord, 245 AD2d 582, 584).

Mikoll, J. P., Mercure, Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.