■ In the Matter of PAUL MITCHELL, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [697 NYS2d 753] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of possessing narcotics, a weapon and unauthorized money in violation of prison disciplinary rules. According to the misbehavior report, these items were recovered during a frisk of petitioner's cell which petitioner was permitted to observe from the gallery. The determination of guilt was affirmed upon petitioner's administrative appeal and petitioner subsequently commenced this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's contention, we find that the detailed misbehavior report, combined with the physical evidence and testimony adduced at the hearing, provide substantial evidence of petitioner's guilt (*see, Matter of Cruz v Selsky*, 264 AD2d 884; *Matter of Pagan v Selsky*, 262 AD2d 683). We reject petitioner's contention that he cannot be found guilty of possessing the narcotics found in a container in the garbage receptacle in his cell merely because a correction officer dumped the contents of the receptacle on the floor near the threshold of his cell where they were examined. Although petitioner denied possessing the illegal items and points to some minor inconsistencies in the testimony of the correction officers involved, these factors merely raised credibility issues for the Hearing Officer to resolve (*see, Matter of Gonzalez v Selsky*, 253 AD2d 940).

With respect to petitioner's claim of inadequate prehearing assistance, this argument is premised upon the assistant's failure to obtain a requested copy of Department of Correctional Services Directive No. 4910. However, at the hearing petitioner immediately voiced this complaint and the Hearing Officer

obtained a copy of this document and adjourned the hearing so that petitioner could review it. Thus, as the Hearing Officer diligently corrected the alleged deficiency in employee assistance (*see, Matter of Mabry v Coughlin*, 191 AD2d 892, 893; *Matter of Brown v Coughlin*, 165 AD2d 935, 936-937), petitioner has not established that any prejudice accrued to him as a result of his prehearing assistance (*see, Matter of Bowers v Goord*, 264 AD2d 876; *Matter of Rivera v Goord*, 248 AD2d 902).

Next, petitioner's claim that he was prevented from witnessing the entire search of his cell in violation of Directive No. 4910 is not borne out by the record. Although there is evidence that at one point during the search petitioner was placed in the shower room for a few minutes when the lights went out temporarily due to a generator problem, this was validly done for security reasons (*see, Matter of Llull v Coombe*, 238 AD2d 761, *lv denied* 90 NY2d 804), and he was immediately brought back after the situation was stabilized and nothing incriminating was discovered during this absence. While petitioner was not present when the $20 bill was discovered, the record shows that prior to the completion of the search petitioner voluntarily requested to be taken to a correction sergeant; thus, we do not agree with petitioner's claim that there was a violation of the applicable regulations (*see, Matter of Perez v Coombe*, 232 AD2d 702, 703).

Petitioner's remaining arguments have been examined and found to be unpersuasive.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.