◼ In the Matter of JOAQUIN DURAN, Petitioner, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Fa-

cility, Respondent. [735 NYS2d 636] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit creating a disturbance, making false statements and refusing to obey a direct order. As set forth in the misbehavior report, petitioner had given a correction officer a note stating that the officer had taken his identification card two days earlier and had neglected to return it. Later that evening, petitioner was ready to go to the gym when the correction officer informed him that he could not go without his identification card. Petitioner became enraged, produced his identification card, which apparently had been in his possession, and began shouting at the officer, thereby creating a disturbance. Petitioner refused to obey a direct order to return to his cell.

Substantial evidence of petitioner's guilt of the charged misconduct was presented at the disciplinary hearing in the form of the misbehavior report and the testimony of the correction officer who authored the report and who witnessed the conduct in question (*see, Matter of Flowers v Barkley*, 244 AD2d 682, 683). The fact that petitioner and his inmate witness gave testimony asserting that the misbehavior report had been filed in retaliation for complaints that petitioner had previously lodged against the correction officer presented an issue of credibility that the Hearing Officer was free to resolve (*see, Matter of Melette v Lacy*, 251 AD2d 831; *Matter of Muhammad v Bennett*, 242 AD2d 778, 779). Petitioner's remaining contentions, including his allegation of Hearing Officer bias, have been reviewed and found to be without merit.

Cardona, P. J., Crew III, Spain, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.