■ In the Matter of JAMES JORDAN, Petitioner, v JAMES J. WALSH, as Superintendent of Sullivan Correctional Facility, et al., Respondents. [738 NYS2d 733] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Superintendent of Sullivan Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of failing to follow regulations relating to movement within the facility. As set forth in the misbehavior report, petitioner held the position of inmate law library clerk when, on the evening in question, he went to the housing unit of another inmate for the purpose of delivering legal papers. At the ensuing tier II disciplinary hearing, the evidence presented included the misbehavior report and testimony given by the Deputy Superintendent in charge of procedures governing the facility's law library who stated that a law library clerk was only permitted to make a delivery to the cellblock of another inmate if the inmate was confined in the special housing unit. When the inmate was housed with the general population, as was the case here, and was free to pick up material at the law library, the library clerk was not authorized to make a personal delivery.

Substantial evidence in the form of the misbehavior report and the testimony of the Deputy Superintendent supports the determination that petitioner violated a movement regulation (*see, Matter of Ragland v Great Meadow Correctional Facility*, 245 AD2d 612; *Matter of Singh v Senkowski*, 209 AD2d 810). Petitioner's testimony that law library clerks routinely moved around the facility is unsupported by the record and, in any event, created an issue of credibility for resolution by the Hearing Officer (*see, Matter of Oyekoya v Duncan*, 284 AD2d 757, *lv denied* 97 NY2d 601; *Matter of Pao v O'Keefe*, 244 AD2d 741).

Cardona, P.J., Crew III, Peters, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.