■ In the Matter of DERRICK HAMILTON, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [755 NYS2d 518] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule which prohibits creating a disturbance. According to the misbehavior report, petitioner was among a group of inmates watching television coverage of the September 11, 2001 attacks when the reporting correction officer heard him say, "F* * * the Americans. They got what they deserved. * * * They have been f* * *ing up everyone else and the people aren't going to stand for it." The officer ordered an already planned lock-in of the cell block to take effect immediately based upon his observation that petitioner's remarks agitated other inmates whose family members were among those feared to have been victims of the attacks and exacerbated the al-

ready tense atmosphere in the facility, thereby threatening the order of the facility.

Included in the evidence presented at petitioner's disciplinary hearing was the misbehavior report and the testimony of the reporting officer who confirmed that petitioner had made the quoted statements and that he had been laughing and clapping his hands as he spoke. The watch commander on duty that day testified that the reporting officer had notified him of the incident shortly after it occurred, expressing his concern over the potentially disruptive impact of petitioner's words. The evening watch commander gave additional testimony, stating that he had been informed when he came on duty that anti-American statements had been made by some inmates, exacerbating the tense atmosphere at the facility. In response, he had directed that the inmates be identified and served with misbehavior reports. We find the above sufficient to constitute substantial evidence supporting the determination under review (see Matter of Rushing v Goord, 298 AD2d 782 [2002]; Matter of Mulcahy v Selsky, 295 AD2d 663 [2002]).

We disagree with petitioner's contention that the ambiguous nature of the misbehavior report requires annulment. The factual allegations contained therein were sufficiently detailed to apprise him of the specific incident and charge filed against him, thereby enabling him to prepare a defense (see Matter of Quintana v Selsky, 268 AD2d 624, 625 [2000]). Petitioner's defense—consisting of his denial of making the statements and the testimony of inmate witnesses who were present but did not hear him make the statements at issue—presented issues of credibility for resolution by the Hearing Officer (see Matter of Cliff v Selsky, 293 AD2d 885 [2002]; Matter of Duran v Senkowski, 289 AD2d 906, 907 [2001]). The remaining contentions raised herein have been examined and found to be without merit.

Mercure, J.P., Spain, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.