■ In the Matter of JACK VIGLIOTTI, Appellant, v GEORGE DUNCAN, as Superintendent of Great Meadow Correctional Facility, et al., Respondents. [781 NYS2d 800]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Berke, J.), entered June 27, 2003 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Superintendent of Great Meadow Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty after a tier II disciplinary hearing of violating the prison disciplinary rules prohibiting the refusal of direct orders and improper movement within a correctional facility. As stated in the misbehavior report, the charges arose from petitioner's refusal to stop talking when directed while on line with other inmates, and his subsequent repeated use of

profanity and obscene gestures toward the correction officer who had issued the order. The determination of petitioner's guilt was upheld on administrative appeal. Thereafter, Supreme Court dismissed petitioner's CPLR article 78 petition challenging the determination, giving rise to this appeal.

Finding no merit to any of petitioner's claims that procedural irregularities tainted the determination and denied him his due process rights, we now affirm. Initially, we note no deficiencies in the misbehavior report, which set forth the details of the offenses with sufficient specificity so as to enable petitioner to prepare a defense (*see* 7 NYCRR 251-3.1; *Matter of Hamilton v Selsky*, 303 AD2d 803, 804 [2003]; *Matter of Torres v Goord*, 261 AD2d 759, 759 [1999]). Additionally, petitioner was not improperly denied the right to call witnesses; the record reflects that the Hearing Officer permitted three inmate witnesses to testify on petitioner's behalf. After the conclusion of their testimony, petitioner vaguely represented to the Hearing Officer that other unidentified inmates would be willing to testify if "three wasn't [*sic*] enough." As petitioner elaborated no further on this matter and failed to object when the Hearing Officer closed the hearing, we conclude that petitioner waived his right to call additional witnesses (*see Matter of Loper v McGinnis*, 295 AD2d 777, 778 [2002]; *Matter of Faison v Stinson*, 221 AD2d 746, 747 [1995]).

We further reject petitioner's argument that he was improperly denied access to a purported videotape recording of the incidents. As the only evidence in the record indicates that no such recording ever existed, there is no basis for the argument that it was improperly withheld (*see Matter of Ferrar v Selsky*, 1 AD3d 671, 672 [2003]; *Matter of Cornwall v Goord*, 287 AD2d 911, 911-912 [2001]). We are likewise unpersuaded by petitioner's due process claim that his administrative appeal was conducted improperly because the reviewing officer did not review the hearing minutes, instead basing his determination on the misbehavior report, hearing record sheet and Hearing Officer disposition. As we and other courts have had occasion to note in the past, neither regulations nor the mandates of due process principles require that an officer conducting an inmate's administrative appeal review the verbatim record of his disciplinary hearing, particularly where, as here, the inmate is afforded judicial review of the Hearing Officer's determination and all the evidence, including the hearing minutes, is considered in support thereof (*see Matter of Rivera v Goord*, 248 AD2d 902, 903 [1998]; *Matter of Reveron v Coughlin*, 142 AD2d 860, 862 [1988]; *Matter of Melvin v Kelly*, 126 AD2d 956, 956 [1987], *lv denied* 69 NY2d 609 [1987]; *see also* 7 NYCRR 253.8).

We have considered petitioner's remaining contentions, including his claims that the Hearing Officer was biased and sought to berate or provoke his witnesses, and find them to be meritless.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.