Matter of Swinton v Venettozzi (2018 NY Slip Op 06309)





Matter of Swinton v Venettozzi


2018 NY Slip Op 06309


Decided on September 27, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 27, 2018

526257

[*1]In the Matter of REGINALD SWINTON, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: August 6, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Aarons and

 Pritzker, JJ.

Reginald Swinton, Auburn, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
A female correction officer observed petitioner openly expose himself while masturbating in his cell. As a result, he was charged in a misbehavior report with engaging in lewd conduct. Following a tier III disciplinary hearing, he was found guilty of the charge and the determination was later affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination.
We confirm. The misbehavior report, together with the testimony of the female correction officer and another officer who was present during the incident, provide substantial evidence supporting the determination of guilt (see Matter of McDonald v Annucci, 159 AD3d 1216, 1217 [2018]; Matter of Collins v Fischer, 109 AD3d 1040, 1040 [2013], lv dismissed 23 NY3d 954 [2014]). Although petitioner denied engaging in inappropriate conduct and maintained that his actions were part of a religious bathing ritual, this presented a credibility issue for the Hearing Officer to resolve (see Matter of McDonald v Annucci, 159 AD3d at 1217; Matter of Collins v Fischer, 109 AD3d at 1040). Contrary to petitioner's claim, the record discloses that he was not denied his right to an employee assistant as he failed to select an individual from the list provided (see Matter of Lashway v Fischer, 110 AD3d 1420, 1420 [2013]; Matter of Brown v Coughlin, 165 AD2d 935, 937 [1990]). Likewise, he was not improperly denied his right to call witnesses. He never requested the correction officer whose [*2]testimony he claims was denied and, although the Hearing Officer denied his request for the Imam, the Imam's testimony was irrelevant as he did not personally observe petitioner's conduct (see Matter of McLean v Fischer, 63 AD3d 1468, 1469 [2009]; Matter of Ellison v Fischer, 63 AD3d 1382, 1383 [2009]). Furthermore, the record does not disclose that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of McDonald v Annucci, 159 AD3d at 1217). Petitioner's remaining claims have been considered and lack merit.
McCarthy, J.P., Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.